458 So.2d 71 (1984)
David HESS and Donna Hess, Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellees.
No. 84-608.
District Court of Appeal of Florida, Third District.
October 30, 1984.
Leen & Schneider and Joseph L. Schneider, Hollywood, for appellants.
Daniels & Hicks and Patrice A. Talisman, Miami, Richard E. Hardwick, Coral Gables, for appellees.
Before HENDRY, BARKDULL and HUBBART, JJ.
HENDRY, Judge.
This appeal questions the correctness of a summary judgment rendered in favor of Liberty Mutual Insurance Company on appellants' third party complaint.
The facts giving rise to this appeal are as follows. David Hess and his wife Sydelle lived in apartment 409-A of the Summerwinds Apartments. They procured a homeowner's policy on their residence from Liberty Mutual Insurance Company. The Hess's daughter, Donna, occupied apartment 301-A in the same building under a lease signed by her and her father. Soon after she took possession under the lease, a fire originated in her apartment and caused extensive damage. The fire was caused by the alleged negligence of Donna.
Northbrook Property and Casualty Insurance Company paid $61,514.72 to its insured, the owners of the apartment building. Northbrook was then subrogated to any claim of its insured for this property damage. Thereafter, Northbrook filed suit against Donna and David Hess. The company alleged that the fire was caused by the negligence of Donna and that she and her father were liable for the damages under an indemnification clause in the *72 lease. Donna and David filed a third party complaint against Liberty Mutual upon the homeowner's policy which David had with the company. The complaint demanded a judgment against Liberty Mutual for all damages for which appellants would be liable to Northbrook.
Liberty Mutual moved for a summary judgment on the grounds that its coverage applied only to the named insured and specified insured locations and that Donna's apartment was not such an insured location. The trial court granted this motion for summary judgment and entered final judgment in favor of Liberty Mutual and against David and Donna Hess. It is from this judgment that the Hesses have appealed.
Appellants' sole point on appeal is whether the trial court erred in granting the third party defendant's motion for summary judgment. They argue that there is a question of whether they are covered under definition 4: "insured location means ... (h) any part of a premises occasionally rented to any insured for other than business purposes", precluding summary judgment. They note that the term "occasionally rented" is not defined in the policy and they argue that the term is ambiguous. We disagree.
In Saha v. Aetna Casualty & Surety Co., 427 So.2d 316 (Fla. 5th DCA 1983), the court stated:
When the language of an insurance policy is clear and unambiguous it must be accorded its natural meaning. An insurance policy should receive a reasonable, practical and sensible interpretation. Although ambiguities should be resolved against the insurer, this principle applies only when there exists a genuine inconsistency, uncertainty or ambiguity in meaning after resort to the ordinary rules of construction.
Id. at 317 (citations omitted). Accord Southeastern Fire Insurance Co. v. Lehrman, 443 So.2d 408 (Fla. 4th DCA 1984). Insurance contracts are complex instruments. The fact that analysis is required for one fully to comprehend them does not mean the contracts are ambiguous. State Farm Fire & Casualty Co. v. Oliveras, 441 So.2d 175, 178 (Fla. 4th DCA 1983). We find that definition 4(h) is not ambiguous. The reasonable, practical and sensible interpretation of the language "any part of a premises occasionally rented to any insured for other than business purposes" does not refer to the situation where a father co-signs a one year lease for his daughter. Rather it refers to rentals occurring now and then, such as vacation rentals. Accordingly, the entry of final summary judgment for the appellee is affirmed.
Affirmed.