BASKIN, Judge.
Fabiola Torres, as personal representative of the estate of Oscar Torres, appeals an amended final judgment entered in favor of Southeastern Aviation (California), Inc. [Southeastern]. The trial court ruled that an insurance policy issued by Southeastern did not provide coverage for the death of Oscar Torres [Torres]. Finding no error in the trial court’s determination, we affirm.
Flight engineer Torres and two other crew members were killed in the crash of a cargo plane owned by Monarch Aviation, Inc. [Monarch] and operated by Expreso Aero Costarricense, Ltd. [Exaco]. Torres was employed by Air Crews, Inc. [Air Crews], which had furnished the crew to Exaco for the fateful flight. Torres’s estate brought a wrongful death action against Monarch, Monarch’s insurer Southeastern, Exaco, and Air Crews. Pursuant to an agreement among the parties, the court first conducted a non-jury trial for the purpose of deciding the issue of Torres’s coverage under the Southeastern insurance policy. At the conclusion of the trial, the court ruled that Southeastern’s policy did not cover Torres’s death. The court entered an amended final judgment in favor of Southeastern.
We agree with the trial court’s determination that the language of the insurance policy is clear and unambiguous and must therefore be given effect as written. Midwestern Mutual Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla.1973); Hess v. Liberty Mutual Insurance Co., 458 So.2d *542 71 (Fla. 3d DCA 1984); Morrison Assurance Co. v. City of Opa-Locka, 389 So.2d 1079 (Fla. 3d DCA 1980); U.S. Liability Insurance Co. v. Bova, 347 So.2d 678 (Fla. 3d DCA 1977); Brown v. Gulf Life Insurance Co., 343 So.2d 91 (Fla. 3d DCA 1977); United States Fire Insurance Co. v. Morejon, 338 So.2d 223 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 426 (Fla.1977). Under the terms of the policy, Torres was an employee of an assured and was thus excluded from coverage under the employee exclusion clause. In any event, the policy neither names crew members as individuals entitled to coverage nor includes them within the definition of “passengers,” entitled to benefits under the contract.
For the foregoing reasons, we affirm the amended final judgment.