476 So.2d 242 (1985)
CONTINENTAL CASUALTY COMPANY, Appellant,
v.
Sarah GODUR, Appellee.
No. 83-2728.
District Court of Appeal of Florida, Third District.
September 17, 1985.
Rehearing Denied October 23, 1985.
Talburt, Kubicki, Bradley & Draper and Betsy E. Hartley and Gail Kniskern, Miami, for appellant.
Robey & Pelstring and James Pelstring, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
*243 SCHWARTZ, Chief Judge.
While driving her own automobile in the scope of her employment with Ultimate Shops, Inc., Sarah Godur struck and seriously injured Edward Cades. Cades and his wife sued, among others, Godur, Ultimate Shops, and Ultimate's general liability insurer, Continental Casualty Company. After some preliminary skirmishing on the pleadings, Continental acknowledged its coverage of Ultimate, but denied that Godur was also insured under its policy. Accordingly, it filed a cross-claim for indemnity against Godur to recover any award it might pay on behalf of Ultimate. Prior to trial, Continental settled with the plaintiffs for its $500,000 policy limits and then moved for summary judgment for that amount on its cross-claim against Godur. At the hearing, the trial judge ruled that Godur was not individually covered by the Continental policy, but then, on his own motion and with complete inconsistency, dismissed the cross-claim for indemnity. On this appeal, Continental claims error both in the dismissal and in the failure to grant its summary judgment motion; Godur cross-appeals the no coverage finding. We agree with the carrier's position on each of the issues presented.
There can be no doubt that a liability carrier like Continental is entitled to recover upon an equitably subrogated claim for indemnity against the actual tortfeasor, here, Godur, of the amounts it has paid on behalf of an insured which is only vicariously liable  in this case, Ultimate Shops. Allstate Ins. Co. v. Fowler, 455 So.2d 506 (Fla. 1st DCA 1984); American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979). It may not, however, maintain such an action against one of its own insureds. Cole v. Southeastern Fidelity Ins. Co., 469 So.2d 925 (Fla. 3d DCA 1985); Ray v. Earl, 277 So.2d 73 (Fla. 2d DCA 1973), cert. denied, 280 So.2d 685 (Fla. 1973). Thus, as everyone agrees, the trial court's dismissal of the indemnity cross-claim may be deemed correct only if its determination that Godur was not covered by the policy was wrong. We conclude, however, that Ms. Godur was indeed not insured by Continental for the accident in question, and thus reverse the dismissal of the action for indemnification.
While the policy, which was issued to Ultimate as the named insured and which insured the entire range of the company's business activities, states that it also insures "[y]our employees while acting in the scope of their duties," it also contains a provision which plainly excludes any coverage of an employee in the present situation. It says:
3. Coverage afforded to your employees does not apply to:
* * * * * *
c. Personal Injury or Property Damage arising out of any automobile coverage.
Thus, the policy insures Ultimate for any responsibility (all of which, since it is a corporation, is necessarily vicarious), including that arising from the use of a nonowned motor vehicle, and also insures Ultimate's employees individually for any non-automobile liability; it simply does not, however, cover employees for an automobile accident such as that involved here. Despite the heroic but unsuccessful attempts of Ms. Godur's counsel to demonstrate an ambiguity, and therefore coverage, either in the words of the exclusion itself or when read together with other portions of the policy, but see LaMarche v. Shelby Mutual Ins. Co., 390 So.2d 325 (Fla. 1980), we are bound to give effect to what we think are the clear terms of the insurance contract before us. Travelers Ins. Co. v. Bartoszewicz, 404 So.2d 1053 (Fla. 1981); Dixie Ins. Co. v. Beaudette, 474 So.2d 1264 (Fla. 5th DCA 1985); Torres v. Southeastern Aviation (California), Inc., 472 So.2d 541 (Fla. 3d DCA 1985), and cases cited. Because Ms. Godur was thus not insured by Continental, it follows from the principles already enunciated that it is entitled to indemnification from her as a matter of law.
We also hold that Continental's motion for summary judgment in the amount *244 of the settlement should have been granted. Ms. Godur, as a defendant in the primary action and a cross-defendant to Continental's cross-claim, was on notice of (and obviously had the opportunity to defend) both the underlying action and the indemnity claim long before the settlement took place. In these circumstances  in the admitted absence of any claim of fraud or collusion  it is established Florida law that she is conclusively bound by the terms of the subsequent settlement agreement to reimburse Continental for the amounts expended. Post Houses, Inc. v. Fireman's Fund Ins. Co., 469 So.2d 863 (Fla. 1st DCA 1985); Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676, 681 (Fla. 3d DCA 1980).
For these reasons, the judgment is reversed and the cause remanded for entry of judgment for Continental against Godur for $500,000 plus interest from the date the settlement was effected.
Reversed.