HENDRY, Judge.
The negligence for which Alan Atkinson claimed Dollar Rent-a-Car was liable was not a covered “occurrence” under Dollar’s comprehensive general liability policy with American Insurance Company. Dollar’s American policy, furthermore, specifically excluded coverage for bodily injury “arising out of” the use of an automobile owned by Dollar. Thus, the final summary judgment in favor of American was properly entered by the trial court.
Alan Atkinson, a tourist from England traveling with his wife and children, rented a car from Dollar Rent-a-Car in Miami. When queried about insurance, Dollar’s agent assured Atkinson that he was fully covered. The Atkinsons were involved in an accident with an uninsured motorist. Mrs. Atkinson and the children were killed.
This appeal arises from Atkinson’s claims against Dollar and American for *977 negligence, breach of oral contract and intentional misrepresentation.[1] At issue is whether Dollar’s alleged negligence in informing Atkinson that it had provided for UM coverage, when in fact it did not, constituted a covered occurrence under Dollar’s American policy.
As defined by the policy, the insured “occurrence” must result in bodily injury. Coverage exists only if Dollar’s negligence was the direct cause of the bodily injury. The term “bodily injury” is defined in the policy solely as “bodily injury” or “death.” Damages for any other injury (e.g., one arising from negligent misinformation) are not covered. The term “caused by” means a direct causal connection. St. Paul Fire & Marine Ins. Co. v. Thomas, 273 So.2d 117 (Fla. 4th DCA), cert. denied, 282 So.2d 638 (Fla.1973); National Indem. Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971). Coverage exists only if Dollar’s negligence was the direct cause of the bodily injury.
In this case, the bodily injuries suffered by Mrs. Atkinson and the children resulted from the negligent conduct of a third party, an uninsured motorist, not from Dollar’s failure to inform. When the provisions of a policy are devoid of ambiguity, they must be given a reasonable, practical, and sensible interpretation. Hess v. Liberty Mut. Ins. Co., 458 So.2d 71 (Fla. 3d DCA 1984).
Accordingly, the final summary judgment is affirmed.
Affirmed.

. Atkinson’s initial suit against Dollar, which had previously declared bankruptcy, and its automobile liability carrier, National Union Fire Insurance Co., was permitted by the bankruptcy court to proceed, to the extent of the insurance coverage provided to Dollar by National. The litigation resulted in the entry of summary judgment for National because its policy did not provide uninsured motorist (UM) coverage.