554 So.2d 587 (1989)
LARJIM MANAGEMENT CORPORATION and Lawrence Gordon, Appellants,
v.
CAPITAL BANK, Appellee.
No. 89-1169.
District Court of Appeal of Florida, Third District.
December 19, 1989.
*588 Roland N. Cataldo, Plantation, for appellants.
Wallace, Engels, Pertnoy, Solowsky, Newman & Allen and Marianne A. Vos and Richard Allen, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
BASKIN, Judge.
Lawrence Gordon and Larjim Management Corporation [Larjim] appeal a final judgment requiring them to indemnify Capital Bank for the consequences of their unauthorized endorsement, deposit, and retention of the proceeds of two checks. We affirm.
Larjim was the general managing partner of Atlantic Avenue West Partnership [Partnership] until 1984. In 1985, the Board of County Commissioners of Palm Beach County issued two checks to the Partnership drawn on its Barnett Bank account. Lawrence Gordon, as president of Larjim, endorsed both checks and deposited them in Larjim's Capital Bank account. The Partnership subsequently informed Barnett Bank that Larjim was not a partner and was not authorized to endorse the checks. Barnett Bank and the Partnership sued Capital Bank for reimbursement of the proceeds; Capital Bank, in turn, sued Larjim and Gordon for indemnification. Based on its finding that Gordon and Larjim lacked authority to endorse the checks, the trial court entered final judgment in favor of Barnett Bank and the Partnership, and subsequently entered final judgment granting Capital Bank indemnification from Gordon and Larjim. Gordon and Larjim appeal.[1]
The record contains no transcript of the hearing the trial court conducted before deciding whether Gordon or Larjim were authorized to endorse and deposit the checks on behalf of the Partnership. We must therefore assume that the trial court correctly decided that issue. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); Peters Mach. Corp. v. Blairsville Mach. Prod. Co., 413 So.2d 802 (Fla. 3d DCA 1982); Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982).
Gordon argues that he had no relationship with Capital Bank which could render him liable for indemnification. We disagree. The obligation to indemnify need not derive from a specific relationship between the parties; it may be imposed by law. K-Mart Corp. v. Chairs, Inc., 506 So.2d 7 (Fla. 5th DCA), review denied, 513 So.2d 1060 (Fla. 1987); Mims Crane Serv., Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla. 2d DCA), cert. denied, 234 So.2d 122 (Fla. 1969). "Indemnity has been generally defined as a right that inures to a person who has discharged a duty that is owed by him but which, as between himself and another, should have been discharged by the other." Atlantic Nat'l Bank of Fla. v. Vest, 480 So.2d 1328, 1331 (Fla. 2d DCA 1985), review denied, 491 So.2d 281 (Fla. 1986); Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla. 1979); Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977). Capital Bank's liability to Barnett Bank and the Partnership resulted not from any wrongful act of its own, but from Gordon's unauthorized *589 conduct. Consequently, the trial court committed no error in ordering Gordon to indemnify Capital Bank.
Affirmed.
NOTES
[1] Although Larjim is a party to this appeal, it has submitted no arguments on its behalf.