567 So.2d 1028 (1990)
Sarah GODUR, Appellant,
v.
TRAVELERS INDEMNITY COMPANY, Appellee.
Nos. 89-954, 89-977.
District Court of Appeal of Florida, Third District.
October 9, 1990.
*1029 Robey & Pelstring and R. James Pelstring, for appellant.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
PER CURIAM.
In these consolidated appeals, Sarah Godur appeals a final summary judgment entered in favor of Travelers Indemnity Company [Travelers] denying Godur's claim for damages for the indemnity judgment in favor of Continental Casualty Company [Continental] (Count I). Travelers appeals a final summary judgment granting Godur attorney's fees for defending the appeal brought by Continental (Count II). We affirm the final summary judgment entered in favor of Travelers as to Count I and reverse the final summary judgment entered in favor of Godur as to Count II.
While driving her own automobile in the scope of her employment with Ultimate Shops, Inc., Godur struck and injured a pedestrian, Edward Cades. Mr. and Mrs. Godur [the Godurs] were insured at the time by Travelers. Ultimate was insured by Continental. Cades sued the Godurs, Ultimate, Travelers and Continental. Travelers appeared and defended the Godurs. Travelers also appeared and defended Ultimate because of an omnibus provision in the Travelers policy. The Godurs asserted coverage as additional insureds under the Continental policy. Continental asserted that Godur was not working as an employee of Ultimate at the time of the accident and that, even if she was an employee, she was not an insured under its policy covering the corporation.
Ultimate and the Godurs filed a cross-claim against Continental seeking coverage for the corporation and for the Godurs. Continental filed a counter-cross-claim for indemnity against Godur to recover any award it might pay on behalf of Ultimate. The trial court granted partial summary judgment in favor of Cades and ruled that Godur was in the course of her employment with Ultimate at the time of the accident. As a result, Continental settled the liability of Ultimate with Cades for its $500,000.00 policy limits.
Continental then moved for summary judgment against Godur on the issue of coverage under the policy owned by Ultimate. The trial court ruled that Continental's policy did not cover Godur and it dismissed *1030 Godur's cross-claim for coverage and Continental's counter-cross-claim for indemnity. Both Continental and Godur appealed. This court reversed the trial court indicating that Continental was entitled to recover upon its indemnity claim against Godur for amounts paid on behalf of Ultimate. Continental Casualty Co. v. Godur, 476 So.2d 242 (Fla. 3d DCA 1985). On remand, the trial court entered judgment in favor of Continental and against Godur for $500,000.00 plus interest in the amount of $133,149.10.
Travelers settled with Cades on behalf of itself, Ultimate and the Godurs for $10,000.00. The settlement release specifically preserved Continental's indemnity claim against Godur, but otherwise extinguished the liability of all defendants to Cades. Godur then filed the instant action against Travelers. Count I of the second amended complaint sought damages for the indemnity judgment in favor of Continental and Count II sought attorney's fees for defending the appeal brought by Continental. Both Travelers and Godur moved for summary judgment. The trial court entered summary judgment in favor of Travelers on Count I and in favor of Godur on Count II. Both parties appealed.
The trial court correctly entered summary judgment on behalf of Travelers with respect to Count I since it is clear that this claim is based on a legally incorrect premise. Godur's assertion that she would have been able to avoid liability on an indemnification action brought by Continental if Travelers had not settled with Cades and had she been able to therefore continue to defend herself is incorrect. While it may be true that upon settlement by Travelers of the underlying tort claim by payment of the policy limits of $10,000.00 Godur would no longer be able to litigate the claim of Cades on its merits, it is not true that as a result of that settlement Godur was strictly subject to the $500,000.00 indemnity claim. Godur was unwilling to defend the indemnitee, Ultimate, and to hold it harmless for any resulting judgment. Therefore, Godur was bound by the terms of the settlement agreement entered into between Continental and Cades. Continental, 476 So.2d at 242. In sum, Travelers' settlement had no impact on Godur's ultimate liability. Accordingly, the trial court properly entered summary judgment on Travelers' behalf as to Count I.
Travelers contends that the trial court erred in awarding Godur attorney's fees based on Travelers' failure to defend the appeal brought by Continental from the dismissal of its indemnity claim. We agree.
An insurer's duty to defend arises solely from the language of the insurance contract. Carrousel Concessions, Inc. v. Florida Ins. Guar. Ass'n, 483 So.2d 513, 516 (Fla. 3d DCA 1986). The insurance policy in question indicates that:
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.
In construing a similar provision, the Louisiana Supreme Court found that the insurer could withdraw its representation of its insured in the pending indemnification claim once it paid its policy limits in settling the underlying bodily injury claim. Pareti v. Century Indem. Co., 536 So.2d 417 (La. 1988). Similarly, in the instant case, the clear and unambiguous language of the Travelers policy should be given effect. In addition, Travelers has not refused to defend its insured with respect to the claim for which the policy limits were paid, but an appeal of an entirely separate claim. See Pareti, 536 So.2d at 420. Therefore, given the unambiguous language of the policy and the absence of any showing that the insurer, Travelers, did not discharge its policy obligations in good faith, we hold that Travelers' duty to defend Godur ended when it had paid its policy limits through settlement and obtained *1031 a release on behalf of Godur. See Pareti, 536 So.2d at 424.
Affirmed in part and reversed in part.