SCHWARTZ, Chief Judge.
Capital Bank was sued by Holiday Clubs for mistakenly and unauthorizedly permitting the withdrawal of $45,000 from an account in the bank which, it had agreed, would not be disbursed without Holiday’s consent. After the trial court entered summary judgment on liability in Holiday’s favor, the bank settled the case for $40,000. In a third party action, the bank sought to recover the amount of the settlement from *121 Meyers and Nitzberg, who, as principals in a brokerage corporation, were those who had finagled the bank to distribute to them the $45,000 in question.
On this appeal from a summary judgment entered below against the bank, we reverse on the ground that genuine issues of material fact remain as to the appellees’ liability for indemnity[1] imposed as the result of the alleged facts[2] that the bank has been held for improperly distributing money actually paid to Meyers and Nitzberg so that they, rather than Capital, should be deemed ultimately responsible. The discussion in Larjim Management Corp. v. Capital Bank, 554 So.2d 587, 588 (Fla.3d DCA 1989) is directly applicable:
The obligation to indemnify need not derive from a specific relationship between the parties; it may be imposed by law. K-Mart Corp. v. Chairs, Inc., 506 So.2d 7 (Fla. 5th DCA), review denied, 513 So.2d 1060 (Fla. 1987); Mims Crane Serv., Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla. 2d DCA), cert. denied, 234 So.2d 122 (Fla.1969). “Indemnity has been generally defined as a right that inures to a person who has discharged a duty that is owed by him but which, as between himself and another, should have been discharged by the other.” Atlantic Nat’l Bank of Fla. v. Vest, 480 So.2d 1328, 1331 (Fla. 2d DCA 1985), review denied, 491 So.2d 281 (Fla.1986); Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Stuart v. Hertz Corp., 351 So.2d 703 (Fla.1977).
Larjim Management Corp., 554 So.2d at 588; Law v. Title Guarantee & Trust Co., 91 Cal.App. 621, 267 P. 565 (1928) (person to whom agent has wrongfully distributed escrowed property directly liable to rightful owner); Feisthamel v. Campbell, 55 Cal.App. 774, 205 P. 25 (1921) (same); see 30A C.J.S. Escrows § 16 (1965); 28 Am. Jur.2d Escrow § 39 (1966).
Reversed.[3]

. We find no merit in the bank's alternative theories of liability.

. Since the bank admits that it did not properly "vouch-in" or otherwise appropriately notify the alleged indemnitees, Meyers and Nitzberg, prior to effecting the settlement, the latter are not bound by the version of the incident which supports the settlement and the bank must prove those facts vel non in the case directly against them. Hull & Co., Inc. v. McGetrick, 414 So.2d 243 (Fla. 3d DCA 1982); compare Continental Casualty Co. v. Godur, 476 So.2d 242 (Fla. 3d DCA 1985).

. The appellees’ statute of limitations defense is without foundation. See Employers’ Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla.1976).