926 So.2d 403 (2006)
CITIZENS PROPERTY INSURANCE CORPORATION, as successor in interest to Florida Residential Property and Casualty Joint Underwriting Association, Appellant,
v.
Renee WISE; and Robin W. Luker and Judith K. Luker, etc., Appellees.
Nos. 3D05-1352, 3D05-754.
District Court of Appeal of Florida, Third District.
February 1, 2006.
Rehearing Denied May 3, 2006.
Colodny, Fass, Talenfeld, Karlinsky & Abate and Sandy P. Fay (Ft. Lauderdale), for appellant.
Richard A. Friend; Langbein & Langbein and Evan J. Langbein (Miami), for appellees.
Before FLETCHER, WELLS, and SHEPHERD, JJ.
FLETCHER, Judge.
Citizens Property Insurance Corporation [Citizens] appeals a final summary judgment and attorney's fee award.
Renee Wise owns property that she leased to Robin and Judith Luker for two years with an option to buy.[1] The Lukers' son was injured on the property and the Lukers filed a negligence claim for damages upon Wise's homeowner policy issued by Citizens. Citizens filed for declaratory relief, seeking a declaration that Citizens was not obligated to indemnify Wise.
The trial court reviewed the insurance contract, specifically "Section IIExclusions." This section provides in pertinent part:
"1. Coverage EPersonal Liability and Coverage FMedical payments to Others do not apply to `bodily injury' or `property damage':
. . .
c. Arising out of the rental or holding for rental of any part of any premises by an `insured.' This exclusion does not apply to the rental or holding for rental of an `insured location':

*404 (1) On an occasional basis if used only as a residence;" [e.s.]
The argument in the trial court and here is over the use of "occasional" in the policy; that is, if Wise can be said to have been renting out her residential property occasionally, then there is coverage for the injury to the Lukers' son.
The record reflects that Wise's two year rental of the premises to the Lukers is the only time that it was rented out and that it was rented as part of Wise's effort to sell the property. The trial court concluded that this one rental was occasional thus there was coverage for the injury to the Lukers' son.
However, the issue as to the meaning of "occasional rental" in an insurance contract was before this court in Hess v. Liberty Mut. Ins. Co., 458 So.2d 71 (Fla. 3d DCA 1984). In Hess this court stated:
"The reasonable, practical and sensible interpretation of the language `any part of a premises occasionally rented to any insured for other than business purposes' does not refer to the situation where a father co-signs a one year lease for his daughter. Rather it refers to rentals occurring now and then, such as vacation rentals." [e.s.][2]
Id. at 72.
We conclude that as Wise did not rent her house "now and then," there is no coverage for the injury to the Lukers' son. Accordingly the judgment appealed is reversed, as is the order awarding attorney's fees.[3]
NOTES
[1] Wise remained on the property, living in a camper.
[2] The interpretation accords with the Oxford English Dictionary's definition of "occasional" as "happening irregularly and infrequently." The Oxford Encyclopedic English Dictionary, 1004 (3rd ed.1996).
[3] We find the Lukers' remaining arguments to be without merit.