925 So.2d 398 (2006)
James T. FALZONE, Barbara Falzone, Nicholas Falzone, Angelina Falzone, Donald J. Laine and Patricia G. Laine, Appellants,
v.
FLORIDA RESIDENTIAL PROPERTY AND CASUALTY JOINT UNDERWRITING ASSOCIATION, Appellee.
Nos. 4D04-4936, 4D05-138.
District Court of Appeal of Florida, Fourth District.
March 29, 2006.
Rehearing Denied May 4, 2006.
*399 Richard S. Tolbert, West Palm Beach, for appellants James T. Falzone, Barbara Falzone, Nicholas Falzone and Angelina Falzone.
Cari A. Podesta of Cari A. Podesta, P.A., Palm Beach Gardens, and Duncan J. Farmer of Burger, Trailor & Farmer, P.A., West Palm Beach, for appellants Donald J. Laine and Patricia G. Laine.
Maria Elena Abate and Brigette E. Adams of Colodny, Fass, Talenfeld, Karlinsky & Abate, P.A., Fort Lauderdale, for appellee.
ROTHSCHILD, RONALD J., Associate Judge.
Tenants James and Barbara Falzone (individually and on behalf of their children) sued owner/lessors Donald and Patricia Laine under a residential lease for a single family residence. The action was one for breach of lease based on allegations that the house had become uninhabitable because of mold. The Laines' insurer under a homeowner's insurance policy, the Florida Residential Property and Casualty Joint Underwriting Association (FLJUA), filed a declaratory judgment action seeking to establish an exclusion so that it would not have to defend or indemnify the Laines in the Falzone action. Following a non-jury trial, the trial court entered a final judgment in favor of FLJUA decreeing that FLJUA was not obligated to defend or indemnify the Laines with respect to the action filed against them by the Falzones.
Section I of the insurance policy sets forth property coverages for the dwelling on the "residential premises." Section II of the policy, which is at issue in this appeal, sets forth liability coverages, including coverage for personal liability claims or suits "brought against an `insured' for damages because of `bodily injury' or `property damage' caused by an `occurrence' to which the coverage applies." Section II includes the following exclusion to personal liability coverage that is relevant to this appeal:
c. Arising out of the rental or holding for rental of any part of any premises by an "insured." This exclusion does not apply to the rental or holding for rental of an "insured location":
(1) On an occasional basis if used only as a residence;
(2) In part for use only as a residence, unless a single family unit is intended for use by the occupying family to *400 lodge more than two roomers or boarders; or
(3) In part, as an office, school, studio or private garage.
The two issues raised by the Falzones and Laines relate to the interpretation of the exceptions to the rental exclusion contained in Sections II c.(1) and II c.(2) set forth above.
The following standards apply to the interpretation and construction of insurance policies. "[I]nsurance contracts must be construed in accordance with the plain language of the policy," and this rule applies whether the provision at issue is "a basic policy provision or an exclusionary provision." Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla. 2003); Taurus Holdings, Inc. v. United States Fid. & Guar. Co., 913 So.2d 528, 532 (Fla.2005) (citation omitted). The plain language of the policy controls "except `when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction.'" Taurus, 913 So.2d at 532 (citing State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla.1986)).
We are unpersuaded by the arguments made by the Falzones and Laines; we find that there are no ambiguities within the governing provisions of the insurance policy.
Our resolution of the meaning of the exception to the rental exclusion contained in Section II c.(1) is grounded upon the definition of "occasional basis." In the case of Hess v. Liberty Mutual Insurance Co., 458 So.2d 71 (Fla. 3rd DCA 1984), the Third District considered an insurance policy provision including the term "occasionally rented" and concluded that the provision referred to rentals occurring "now and then," such as vacation rentals. In the instant case, the trial court correctly concluded that the lease of the subject premises for a one-year period, virtually the entire time that the insureds, the Laines, had owned the premises, does not constitute an occasional rental of the insured premises.
As to the second exception to the exclusion raised, the trial court also correctly concluded that a full-time total rental of the premises does not fall within the exception as contained in Section II c.(2) of the homeowner's policy. The residence in question was rented in its entirety and does not fall within the second exception to the exclusion.
As such, we find that the subject insurance policy, construed in accordance with the plain language of the policy as applied to the surrounding totality of the facts of this case, warrants the trial court's conclusion that FLJUA was not obligated to defend or indemnify the Laines with respect to the action filed against them by the Falzones.
Affirmed.
POLEN and MAY, JJ., concur.