SUAREZ, J.
 

 John Deere Construction & Forestry Co. (“John Deere”) appeals from a non-final order granting a motion for relief from judgment under Florida Rule of Civil Procedure 1.540(b). As the trial court did not abuse its discretion in granting the motion for relief from judgment and vacating the final summary judgment, we affirm.
 

 On December 1, 2009, John Deere filed a complaint against appellees, Lorelys Electric Corp. (“Lorelys”), the Estate of Lorenzo Gonzalez (“Gonzalez”), and Yohan Electric Corp. (‘Yohan”), alleging breach of a security agreement, replevin, unjust enrichment and conversion for failure to pay for John Deere equipment. An affidavit was attached to the complaint alleging that Lorelys and Gonzalez (deceased) were the purchasers of the equipment which was being financed, they agreed to make monthly payments to John Deere, there had been a default under the agreement, and that the equipment had been turned over to Yohan, which refused to release it to John Deere.
 

 On January 21, 2010, John Deere obtained a default against Yohan. On March 26, 2010, John Deere moved for summary judgment against Yohan alleging that the security interest had been transferred to Yohan after the death of Gonzalez, and that the motion was being made with reliance upon the affidavit attached to the initial complaint. The trial court granted the motion for summary judgment and entered final summary judgment in favor of John Deere against Yohan in the amount of $23,051.00. On December 8, 2010, Yohan moved for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540 alleging lack of notice pri- or to the entry of final summary judgment, and that Yohan never possessed the equipment. Yohan attached the supporting affidavit of Gonzalez’s daughter additionally alleging that she neither received notice prior to the entry of final summary judgment nor did she receive a copy of the order on final summary judgment. The trial court granted Yohan’s motion for relief from final judgment and John Deere appeals.
 

 John Deere’s main point on appeal is that the trial court abused its discretion in granting the motion for relief from final judgment as the trial court incorrectly based its order on grounds of newly discovery evidence which, as John Deere argues, could have been discovered in time for a motion for new trial or rehearing. Relying on Yohan’s affidavit, which stated that it never had possession of the sought-after equipment, which was the collateral for the security agreement, the trial court granted Yohan’s motion for relief from judgment. Although the trial court based its order granting relief from final judgment on grounds of newly discovered evidence, pursuant to Florida Rule of Civil Procedure 1.540(b)(2), we need not determine if it was an abuse of discretion to do so, since we find that the factual allegations and arguments in Yohan’s motion meet the requirements for setting aside the final summary judgment based on excusable neglect and meritorious defense under Florida Rule of Civil Procedure 1.540(b)(1). Fla. R. Civ. P. 1.540(b)(1) (“[0]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, decree or order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.”);
 
 Schuman v. Int’l
 
 
 *1101
 

 Consumer Corp.,
 
 50 So.Bd 75, 77 (Fla. 4th DCA 2010) (holding that an order or judgment must be set aside where excusable neglect is shown by a litigant’s failure to receive notice of a pending hearing or trial). Therefore, we affirm the trial court’s ruling setting aside the final summary judgment as the record shows that the trial court reached the correct result but for the wrong reason.
 
 Butler v. Yusem,
 
 44 So.3d 102, 105 (Fla.2010) (“Under the tipsy coachman doctrine, where the trial court ‘reaches the right result, but for the wrong reasons,’ an appellate court can affirm the decision only if ‘there is any theory or principle of law in the record which would support the ruling.’ ”) (emphasis omitted; citing
 
 Robertson v. State,
 
 829 So.2d 901, 906 (Fla.2002));
 
 Barco Holdings, LLC v. Terminal Inv. Corp.,
 
 967 So.2d 281, 295 (Fla. 3d DCA 2007) (“Our standard of review of an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of trial court’s discretion.”).
 
 [1]
 

 Affirmed.
 

 [1]
 

 . Where no transcript of the hearing on the motion to set aside exists, there is a presumption that the trial court correctly ruled on the motion below.
 
 Larjim Mgmt. Corp. v. Capital Bank,
 
 554 So.2d 587 (Fla. 3d DCA 1989).