WIGGINTON, Judge.
This is an appeal from a partial summary judgment entered in a mortgage foreclosure [1] action. Appellee Amerifirst holds security interests in the mortgagors’ property now in foreclosure in Leon and Bay counties. Appellant Ruppel is trustee for a bank that holds a subordinate interest in the Leon County property (Amerifirst named Ruppel’s bank as a defendant in this suit). At issue is whether the doctrine of marshaling of assets should have prevented the entry of partial summary judgment under the circumstances of this case. We find no error in the judge’s decision, and therefore affirm.
In terms pertinent to this appeal, the doctrine of marshaling of assets provides that if one creditor has an interest in two properties belonging to the same debt- or, and another creditor has an interest in one of those properties, then the first creditor can be compelled initially to seek his recovery from the property not secured by the second creditor. This lessens the chance that the second creditor may lose his security solely at the whim of the first creditor’s choice of property to pursue. See generally State Bank of Florida v. Roche, et al., 35 Fla. 357, 17 So. 652 (1895).
Here, Ruppel raised the doctrine as an affirmative defense to Amerifirst’s foreclosure complaint. In its motion for summary judgment, and in this appeal, Amerifirst has argued that marshaling is inappropriate because there was no “common debtor;” that is, the Leon County property belonged to Elba, Inc. while the Bay County property belonged to Perimeter Investments, Inc. and E. Lamar Bailey. In one terse sentence, the judge denied the marshaling defense and proceeded to partial summary judgment.
The judge did not err in denying the marshaling defense on the theory that there was no common debtor to connect Ruppel with Amerifirst. Although Elba (the Leon County mortgagor) and Perimeter and Bailey (Bay County mortgagors) have close ties and interests, they are all separate legal entities. We are not persuaded that these entities should be treated as one for purposes of marshaling. The trial judge did not err when he reached the same conclusion.
We find no merit to the appellant’s argument that summary judgment was inappropriate because Amerifirst did not present sworn testimony to refute the affirmative defense of marshaling. Because it is apparent on the face of the record that the marshaling defense could properly be denied, any sworn testimony in this regard would have been superfluous.
Finally, Ruppel has not presented reversible error in his allegation that the Bay County property was worth more than the $65,000 mentioned in the motion for summary judgment. This figure appears in the partial summary judgment as a credit against the debt that relates to the Leon County property. In other words, Ameri-first’s Leon County recovery has been reduced by the value it placed on the Bay County property. This informal application of the marshaling doctrine by Amerifirst appears to be voluntary and gratuitous. We see no error, from Ruppel’s standpoint, in permitting this figure to appear in the judgment.
Accordingly, the partial summary judgment is AFFIRMED.
SHAW and JOANOS, JJ., concur.

. The mortgagors are not parties to this appeal.