444 So.2d 1066 (1984)
LUFTHANSA GERMAN AIRLINES CORPORATION, Appellant,
v.
Mr. and Mrs. Matthew T. MELLON, Appellees.
No. 82-1044.
District Court of Appeal of Florida, Third District.
January 24, 1984.
Rehearing Denied February 29, 1984.
David S. Wieder, Miami, for appellant.
Shutts & Bowen, Karen H. Curtis, Phillip Newcomm and Gregory P. Borgognoni, Miami, for appellees.
Before BARKDULL and HUBBART and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a partial summary judgment determining the issue of liability in favor of the plaintiffs in an action filed below. We have jurisdiction to entertain *1067 this appeal. Art. V, Sec. 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(iv).
The plaintiffs Mr. and Mrs. Matthew T. Mellon brought suit in the trial court against the defendant Lufthansa German Airlines Corporation and another party. They sought recovery for the value of a piece of luggage which was allegedly lost while in the charge of the defendant airline during a trans-Atlantic air flight from Frankfurt, Germany to Miami, Florida. Certain discovery was taken in the action, and, based thereon, the plaintiffs made a motion for summary judgment on liability attaching thereto certain affidavits. The trial court heard and granted the motion for partial summary judgment. The defendant airline filed a motion for rehearing and also sought the trial court's leave to file a late affidavit which contained a facsimile airline ticket, different from that produced by the defendant during discovery, which ticket was allegedly the same as that used by the plaintiffs during their trans-Atlantic flight. The trial court declined to consider the late-filed affidavit and denied the motion for rehearing. This appeal follows.
The defendant airline has presented a number of points on appeal, many of which are based on the late-filed affidavit which the trial court refused to consider below. These points have no merit as the trial court was well within its discretion in declining to consider this affidavit on the ground that it was untimely filed in violation of Fla.R.Civ.P. 1.510(c). Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 413 So.2d 1 (Fla. 1982), adopting, 381 So.2d 1164 (Fla. 5th DCA 1980); Stolzenburg v. Forte Towers South, Inc., 430 So.2d 558 (Fla. 3d DCA 1983). Beyond that, the balance of the defendant's points on appeal fail to point out any genuine issues of material fact which would preclude a summary judgment on liability for the plaintiffs. The plaintiffs' evidence in this case is entirely unrebutted, and the defense effort to create issues of fact within the plaintiffs' own evidence amounts to nothing more than an attempt to conjure up insubstantial paper issues. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956). The partial summary judgment under review is therefore
Affirmed.