PER CURIAM.
We reverse the order of the trial court, which determined that Metropolitan Dade County, rather than HRS, was obligated to pay for the psychological evaluation necessary in a child dependency proceeding. As we and our sister courts have unequivocally held, fees such as these are the responsibility of HRS. Department of Health & Rehab. Servs. v. Metropolitan Dade County, 459 So.2d 1182 (Fla. 3d DCA 1984); see also Department of Health & Rehab. Servs. v. Kahn, 639 So.2d 689 (Fla. 5th DCA 1994); Department of Health & Rehab. Servs. v. A.H., 459 So.2d 417 (Fla. 1st DCA 1984); In re R.W., 409 So.2d 1069 (Fla. 2d DCA 1981), rev. denied, 418 So.2d 1279 (Fla.1982). Accordingly, on remand we direct the trial court to enter judgment against HRS.
We remind the trial court that it is obligated to follow established law. Putnam County School Board v. Debose, 667 So.2d 447, 449 (Fla. 1st DCA 1996)(“Under the doctrine of stare decisis, lower courts are bound to adhere to the rulings of higher courts when considering similar issues even though the lower court might believe the law should be otherwise.”); Wood v. Fraser, 677 So.2d 15, 19 (Fla. 2d DCA 1996)(allowing trial courts to deviate from stare decisis would result in uncertainty and unpredictability, and “[a]l-though they are free to express their disagreements with decisions of higher courts, trial courts are not free to disregard them in the adjudicatory process.”).
Reversed and remanded with directions.