CAMPBELL, Acting Chief Judge.
Appellant, James W. Lich, challenges the final summary judgment entered against him and in favor of appellees, N.C.J. Investment Company (N.C.J.) and Radiant Properties & Management, Inc. (Radiant). We affirm.
Mr. Lich’s employer, Electronic Merchant Systems (Electronic), leased office space from appellee/N.C.J. in an office building that was owned by N.C.J. and managed by appellee/Radiant. In the office space leased by Electronic, there was a sliding glass interior window approximately 4’x4’ and described as a “pass-through” window, the type that is commonly seen in reception areas to separate a receptionist from the general public. The only evidence before us and before the trial judge was that the window had existed in the building unaltered since prior to N.CJ.’s purchase of the building. The evidence is undisputed that neither N.C.J. nor Radiant was aware of any problems with the window. The evidence is also undisputed that for approximately one week prior to the incident in which Mr. Lich was injured, his employer and fellow employees were aware that the sliding glass in the window was jamming or sticking in its track. It is also undisputed that Mr. Lich’s fellow employees who were charged with notifying appellees of any problems with the building did not do so.
On August 28, 1996, in an effort to close the window, Mr. Lich attempted to slide the window in its track, and the window glass broke, causing Mr. Lich’s injuries. Mr. Lich filed suit against N.C.J. and Radiant alleging negligence as follows:
(a) They knew or should have known that this interior sliding window was defective;
(b) With the knowledge that the interior sliding window was, in fact, defective, they were negligent in failing to replace the interior sliding window;
(c) They failed to inspect the interior sliding window;
(d) They failed to properly maintain the interior sliding window;
(e) They failed to select an interior sliding window which could not in the ordinary course of events break and cause great injury to tenants or others using the premises;
(f) They failed to replace the interior sliding window when they knew or should have known that either through design, age or wear and tear, the interior sliding window was defective;
(g) They failed to warn the plaintiff not to use the interior sliding window.
The record before us and before the trial court is sparse. There is no evidence that the sliding glass window failed to conform to code requirements or that it was defective in any way. There is evidence in the record which indicates that neither N.C.J. nor Radiant had anything to do with the installation of the window as it was already in the building when purchased by N.C.J. Therefore, they did not “select” the window. If there were any defects in the window, the evidence is undisputed that they were latent and unknown to appellees.
Appellees filed three affidavits in support of their motions for summary judgment. Two of those affidavits were from the respective real estate directors for N.C.J. and Radiant, each of which affirmed that N.C.J. and Radiant had no knowledge of any problems with the window.
The third affidavit was that of Julie Clark, the office manager for Mr. Lich’s employer, Electronic. Ms. Clark’s affidavit stated as follows:
1. I am over eighteen (18) years of age and am competent to testify to the facts stated herein from personal knowledge.
2. My name is Julie Clark. I am an office manager of Electronic Merchant Systems and was employed with James W. Lich in August of 1996. My duties included reporting problems with the building space to the owner of the building through the property manager. I am the only individual at Electronic Merchant Systems with this duty. Electronic Merchant Systems leases property located at George Road in Tampa, Florida.
3. On or about the third week of August 1996, I noticed that the subject sliding window was experiencing some problems. When I attempted to slide the window, it *1193 would stick. I did not report this problem to the management company, Radiant Properties & Management, Inc., or the owner of the building, N.C.J. Investment Company, because this problem had existed for only 1 week and the window was not necessary to conduct business. No one else at Electronic Merchant Systems reported the problem to the management company or the owner of the building. The window had operated properly for approximately one (1) year until this point.
We conclude that the record before this court and the trial judge conclusively demonstrates that no material issues exist upon which Mr. Lich’s cause of action can be sustained.
Affirmed.
GREEN, J., Concurs.
ALTENBERND, J., Dissents with opinion.