733 So.2d 1109 (1999)
QUEST AIR SOUTH, INC., Appellant,
v.
The MEMPHIS GROUP, INC., a Tennessee corporation, Appellee.
No. 98-1921.
District Court of Appeal of Florida, Fourth District.
May 19, 1999.
*1110 George M. Thomas of the Law Offices of George M. Thomas, P.A., Fort Lauderdale, for appellant.
Samuel A. Lewis of Lucio, Mandler, Croland, Bronstein, Garbett, Stiphany & Martinez, P.A., Miami, for appellee.
STEVENSON, J.
This is an appeal from a final order of summary judgment in favor of appellee, The Memphis Group, Inc., in Memphis' suit against appellant, Quest Air South, Inc., for breach of contract, account stated, open account, and unjust enrichment. We reverse because Memphis failed to prove the absence of disputed issues of material fact so as to entitle Memphis to a judgment as a matter of law.
On August 14, 1996, Memphis filed suit against Quest Air South, Inc., d/b/a Quest Air Parts. During discovery, Quest Air South, Inc., stated in its response to admissions that "Quest Air Parts is a[n] independent corporation organized and incorporated in Florida." Thereafter, Memphis moved for summary judgment and, in support thereof, submitted an affidavit indicating that it had orally contracted with Quest Air Parts in which Quest Air Parts agreed to purchase airplane parts for $25,000, that these parts were delivered to Quest Air Parts, and that Quest Air Parts never tendered payment. Memphis submitted an invoice showing the shipment of airplane parts to Quest Air Parts and averred that the invoice was never objected to. Additionally, Memphis submitted the affidavit of Lee Fullen, a private investigator, who stated that he checked the State of Florida Division of Corporations' public records and discovered that Quest Air Parts was listed as a fictitious name registered to Quest Air South, Inc., and that both companies were listed in the State of Florida Division of Corporations' public records at the same address.
In opposition to Memphis' motion for summary judgment, Quest Air South, Inc., submitted the affidavit of its president, Arthur Spengler, who asserted that "Quest Air South, Inc. never ... [did] business as Quest Air Parts with the Plaintiff [Memphis]" and that Quest Air South did not enter into any agreements or contracts with Memphis.
We find that Quest Air South, Inc.'s affidavit was sufficient to defeat Memphis' motion for summary judgment. If the record reflects the existence of genuine issues of fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the party moving for summary judgment. See Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995).
REVERSED and REMANDED for further proceedings consistent with this opinion.
HAZOURI, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.