ALTENBERND, Judge,
Dissenting.
This court’s decision to affirm the summary judgment in favor of these defendants is almost certainly an accurate prediction of the result that would occur if we reversed for further proceedings. Nevertheless, I believe the law requires that we reverse this summary judgment.
Fred P. Dula purchased two lots in Pun-ta Gorda Isles in January 1989 from R & L Development, Inc. (R & L). The lots were purchased as an investment. Mr. Dula alleges that representatives of R & L *605 told him that R & L was selling the lots below fair market value and that he could “immediately” resell them at a profit or hold them as a profitable investment. He alleges that R & L purchased the lots for a significantly lower price only a few days before the sale to him. He further alleges that the lots were sold to him for an amount above fair market value. He claims that these facts were concealed from him when purchasing the lots, and that he relied upon a fraudulent appraisal prepared by Jeffrey Fehr and Steve T. Kennedy, d/b/a All County Appraisal and Consulting.
Mr. Dula did not file this lawsuit until June 13, 1995. Initially, in addition to the appraisers, he sued R & L, two agents of R & L, and a bank. The trial court dismissed the entire case with prejudice in 1997 without specifying the grounds for dismissal. In Dula v. Leeber, 707 So.2d 757 (Fla. 2d DCA 1998), this court affirmed the dismissal of all of the parties with the exception of the appraisers.
On remand, the appraisers filed a motion for summary judgment, primarily arguing that the statute of limitations had expired. The appraisers filed no affidavits in support of this motion. There are no depositions or any other forms of evidence in the record. Thus, the motion is effectively a motion to dismiss on the theory that the complaint on its face establishes that the statute of limitations had expired prior to the filing of the complaint. Because the action against the appraisers alleged fraud, it would not be barred by the statute of limitations unless the fraud was discovered or should have been discovered before June 1991-approximately 2)6 years after the sale. See § 95.031(2), Fla. Stat. (1987).
Mr. Dula, who does not live in Florida, listed the lots for sale with R & L, as his real estate agent, immediately after buying them from R & L, as owner. His complaint alleges that he first discovered the fraud when he checked with another real estate agent in 1994. Thus, in order to grant summary judgment, the trial court had to determine, as a matter of law, that the complaint disclosed the undisputed fact that Mr. Dula should have discovered the true facts surrounding the real estate transaction several years earlier.
I recognize that after our last opinion allowed the dismissal of R & L, Mr. Dula’s only remaining claim is probably the runt of the litter. The appraisals were never attached to any of the numerous amended complaints filed by his trial attorney, and without any evidence in the record, it is difficult to know whether he has a viable cause of action against these appraisers. His own allegations indicate that the claim against the appraisers for one of the parcels is extremely tenuous. Under the federal standard for summary judgments, this summary judgment might be correct. See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Nevertheless, I do not believe that Florida law allows a “discovery” statute of limitations issue to be resolved exclusively on the face of the complaint, when the complaint alleges a specific discovery date that is within the statute. See Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). See also Lich v. N.C.J. Inv. Co., 728 So.2d 1191 (Fla. 2d DCA 1999) (Altenbernd, J., dissenting).
I would reverse and require the appraisers to establish a factual basis for their motion for summary judgment.