769 So.2d 1138 (2000)
NARD, INC., Appellant,
v.
DeVITO CONTRACTING & SUPPLY, INC., and City Wide Asphalt Paving & Coating Service, Inc., Appellees.
No. 2D99-2972.
District Court of Appeal of Florida, Second District.
October 18, 2000.
Margot Pequignot of Margot Pequignot P.A., Largo, and Robert E. Biasotti of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, for Appellant.
Andrew S. Forman of Andrew S. Forman, P.A., Tampa, for Appellees.
HAYES, HUGH D., Associate Judge.
This is an appeal from a summary judgment. For the reasons expressed below, *1139 we reverse, finding that there are genuine issues of material fact on both the cross-claim and the counter-crossclaim of the parties.

Factual Background
Nard, Inc. entered into a contract with DeVito Contracting & Supply, Inc. to construct a motel on real property owned by Nard in Pasco County. DeVito then subcontracted with City Wide Asphalt Paving & Coating Service, Inc. to prepare and pave the motel parking lot and to provide related services, such as preparing the retention ponds, grading, layout, and striping. Subsequently, City Wide sued Nard to foreclose a mechanic's lien and DeVito for breach of contract and fraud. Nard counterclaimed for failure to perform in a workmanlike manner and crossclaimed against DeVito for breach of contract. DeVito then counter-crossclaimed against Nard for lost profits.
At the time of the summary judgment hearing,[1] there were several claims of lien which had been filed by subcontractors. Nard's answer to DeVito's counter-crossclaim denied that DeVito had performed its obligations under the contract. In evidence was DeVito's "Contractor's Final Affidavit and Release of Lien" claiming that it had completed construction of the hotel, that all subcontractors and materialmen had been paid in full, and that the release of lien was given in consideration of full and final payment.
DeVito relied upon the deposition of a Nard representative, who agreed that the total contract between Nard and DeVito had been for $1.8 million, that $1.650 million had been disbursed by the construction lender, but had no knowledge why the balance of $150,000 had not been paid. Although nothing in DeVito's affidavit in support of summary judgment indicated the amount of damages it claimed was due, DeVito's counter-crossclaim sought $152,000, even though DeVito's Contractor's Final Affidavit acknowledged that DeVito had been paid in full.
The entreating argument of DeVito's counsel for the trial court, to just do the simple math and award the balance of the undisbursed funds of $150,000, proved too alluring, and the trial court acceded to DeVito's request. Were it that simple. Unfortunately, there remained issues regarding the various liens, which clearly would have impacted the amount of recoverable damages to either party.

APPLICABLE LAW
Florida Rule of Civil Procedure 1.510(c) sets the criteria for the filing of a motion for summary judgment:
(C) Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least 20 days before the time fixed for the hearing. The adverse party may serve opposing affidavits by mailing the affidavits at least 5 days prior to the day of the hearing, or by delivering the affidavits to the movant's attorney no later than 5:00 p.m. two business days prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
An often cited case on summary judgment is that of Holl v. Talcott, 191 So.2d 40, 44 (Fla.1966):
The proper rule on this subject was well applied in Matarese v. Leesburg *1140 Elks Club, 171 So.2d 606 (Fla. 2d DCA 1965). There the District Court of Appeal, Second District, reversed a summary final judgment entered against a plaintiff, not because it found the movant-defendant's affidavits were successfully met by the opposing party-plaintiff but because the movant's affidavits and other evidence did not establish the absence of genuine triable issues of material fact.
The rule simply is that the burden to prove the non-existence of genuine triable issues is on the moving party, and the burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met his burden.
We have consistently followed Holl v. Talcott in applying rule 1.510(c). Thus, if the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied. See Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995); Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979).
We likewise must emphasize that contrary to the assertions of the trial court,[2] each and every Florida district court of appeal has concurred with our holding that the merest possibility of the existence of a genuine issue of material fact precludes the entry of final summary judgment. See Quest Air South, Inc. v. Memphis Group, Inc., 733 So.2d 1109 (Fla. 4th DCA 1999); Cox v. CSX Intermodal, Inc., 732 So.2d 1092 (Fla.App. 1st DCA 1999); Romero v. All Claims Insurance Repairs, Inc., 698 So.2d 605 (Fla. 3d DCA 1997); Gardner v. Sabal Point Properties, Inc., 616 So.2d 1111 (Fla. 5th DCA 1993).[3]
In Metropolitan Dade County v. Department of Health and Rehabilitative Services, 683 So.2d 188 (Fla. 3d DCA 1996), the Third District reminded the trial court that "it is obligated to follow established law." (Emphasis in original). In Wood v. Fraser, 677 So.2d 15 (Fla. 2d DCA 1996), this court stated:
In closing, we take this opportunity to remind trial courts again that they "do not create precedent." State v. Bamber, 592 So.2d 1129, 1132 (Fla. 2d DCA 1991), approved, 630 So.2d 1048 (Fla. 1994). Although they are free to express their disagreement with decisions of higher courts, trial courts are not free to disregard them in the adjudicatory process. See Hernandez v. Garwood, 390 So.2d 357, 359 (Fla.1980). We emphasize, therefore, in accord with the doctrine of stare decisis, that once a point of law has been decided by a judicial decision, it should be adhered to by courts of lesser jurisdiction, until overruled by another case, because it establishes a precedent to guide the courts in resolving future similar cases. See In re Seaton's Estate, 154 Fla. 446, 449, 18 So.2d 20, 22 (1944); Bunn [v. Bunn], *1141 311 So.2d [387] at 389 [(Fla. 4th DCA 1975)]. Any deviation from this fundamental tenet of jurisprudence can only result in an erosion of the rule of law, thereby causing uncertainty and unpredictability in the resolution of judicial disputes, as well as a needless expenditure of litigant and judicial resources. See Hernandez, 390 So.2d at 359; Bamber, 592 So.2d at 1132.
Lastly, we take this opportunity to comment upon Nard's last minute attempt to oppose the summary judgment by relying upon two depositions and a transcript of a prior proceeding between the same parties. The trial court refused to accept the depositions and transcript because he was unaware of any authority to allow those filings on the day of the hearing. We point out that subsections (e) and (f) of rule 1.510 should be additionally considered by the trial court as tools for firming up the issues in the case. Cf. Fatherly v. California Fed. Bank, FSB, 703 So.2d 1101 (Fla. 2d DCA 1997) (concluding the trial court abused its discretion in failing to consider material evidence filed by the nonmovant after the motion for summary judgment was granted but before hearing).

CONCLUSION
Thus, for the foregoing reasons, we reverse the summary judgment in DeVito's favor and remand the case for further proceedings consistent with this opinion.
PARKER, A.C.J., and NORTHCUTT, J., Concur.
NOTES
[1] Judge Bryson, who was sitting for Judge Tepper, presided at the summary judgment hearing, but Judge Tepper signed the final summary judgment.
[2] Judge Bryson specifically rejected the law of this district and of this state:

[THE COURT]: That's their rewrite of the rule. That's the only district in the state that adheres to that standard. They quote themselves in support of it. But there's no other district in the state that puts that tag in on a summary judgment rule. One of these days conflict will knock it over. Until then I'm going to read the rule, not what they say it is.
[NARD'S COUNSEL PEQUIGNOT]: Even though it's the Second District, and we're in the Second District?
[THE COURT]: They're wrong, and they know it.
[3] DeVito points out that Florida's rule 1.510 was initially derived from federal rule 56, and then argues that we, in essence, should adopt the federal standard. We are not persuaded, not only because of Florida's failure to adopt the language in federal rule 56(e) regarding the shifting burden of persuasion, but because we would have to disregard the existing Florida law on this subject. See Lich v. N.C.J. Inv. Co., 728 So.2d 1191, 1194 (Fla. 2d DCA 1999) (Altenbernd, J. dissenting); Green v. CSX Transp., Inc., 626 So.2d 974 (Fla. 1st DCA 1993); and 5G's Car Sales, Inc. v. Florida Dept. of Law Enforcement, 581 So.2d 212 (Fla. 3d DCA 1991).