792 So.2d 567 (2001)
WALTER T. EMBRY, INC., Appellant,
v.
LaSALLE NATIONAL BANK, n/k/a LaSalle Bank National Association, as Trustee, and 1260 Palm Beach Lakes, Inc., Appellees.
No. 4D00-2485.
District Court of Appeal of Florida, Fourth District.
July 18, 2001.
Rehearing Denied September 10, 2001.
*568 Amy L. Fischer and F. Malcolm Cunningham, Jr., of the Cunningham Law Firm, West Palm Beach, for appellant.
Robert N. Gilbert and Henry S. Wulf of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., West Palm Beach, for Appellee LaSalle National Bank, etc.
STEVENSON, J.
This is an appeal from a mortgage foreclosure in favor of the first mortgagee, LaSalle National Bank, and against 1260 Palm Beach Lakes, Inc. (PBL), the owner of the property foreclosed. Appellant, Walter T. Embry, holds a junior mortgage and, in addition, has a leasehold interest in the PBL property. LaSalle named Embry as a party with an interest in the property and also sought to foreclose the lease on the basis that Embry had breached an "agreement to attorn" by failing to make the lease payments directly to LaSalle after being given notice by LaSalle that PBL had defaulted under the mortgage.[1] The trial court entered summary judgment for LaSalle, and Embry argues, on appeal, that the summary judgment was improperly *569 granted. We affirm the mortgage foreclosure, but reverse the foreclosure of the leasehold interest.
A motion for summary judgment should not be granted if the record reflects the existence of genuine issues of fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist. See Quest Air S., Inc. v. Memphis Group, Inc., 733 So.2d 1109, 1110 (Fla. 4th DCA 1999)(citing Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995)). Once the movant has established its claim with competent record evidence, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. Unsubstantiated "paper issues"raised in defense of a claim which has been established by undisputed evidence are insufficient to prevent the entry of summary judgment. See, e.g., Lufthansa German Airlines Corp. v. Mellon, 444 So.2d 1066 (Fla. 3d DCA 1984); Johnson v. Gulf Life Ins. Co., 429 So.2d 744 (Fla. 3d DCA 1983); Bared v. Miami Prof'l Sports, Ltd., 353 So.2d 167 (Fla. 3d DCA 1977); Reflex, N.V. v. UMET Trust, 336 So.2d 473 (Fla. 3d DCA 1976).

The mortgage foreclosure
Here, LaSalle, the owner and holder of the first mortgage, presented competent record evidence of PBL's mortgage, Embry's agreement to attorn, the default on the mortgage by PBL, and the failure to abide by the terms of the agreement to attorn by Embry. Of note, Embry's asserted affirmative defense of "marshaling" was not substantiated by any record evidence which would create a genuine issue of material fact as to each of the elements of that defense.
[T]he doctrine of marshaling of assets provides that if one creditor has an interest in two properties belonging to the same debtor, and another creditor has an interest in one of those properties, then the first creditor can be compelled initially to seek his recovery from the property not secured by the second creditor. This lessens the chance that the second creditor may lose his security solely at the whim of the first creditor's choice of property to pursue.
Ruppel v. Amerifirst Dev. Co. of Cent. Fla., 423 So.2d 591, 592 (Fla. 1st DCA 1982).
In order to invoke the doctrine of marshaling, several elements must be present, including: (1) two or more creditors of the same debtor; (2) two or more funds belonging to the debtor; and (3) one creditor with the right to resort to both funds with the other creditor having rights against only one. See SAC Constr. Co. v. Eagle Nat'l Bank of Miami, 449 So.2d 301, 303 (Fla. 3d DCA 1984). Embry presented no record evidence that LaSalle had the right to resort to any property to satisfy its claim against PBL other than the property foreclosed. Further, while we acknowledge that the so-called "alter ego" exception can apply to satisfy the common debtor requirement, Embry presented no record evidence which would support piercing the corporate veil of PBL. The mere fact that a company may be a parent, or wholly-owned corporation, does not itself suggest an impropriety sufficient to disregard the distinctness of the legal entity formed. Cf. Ruppel, 423 So.2d at 592 (holding that where companies are all separate legal entities, even though they may have close ties and interests, without more, there is no basis for treating them as one for the purpose of marshaling).

The lease foreclosure
In a separate action which had been filed prior to this one, Embry sought to foreclose his subordinate mortgage, and PBL claimed breach of the lease. During *570 the course of those proceedings, the trial judge ordered that Embry remit his rental payments for the lease into the registry of the court as an offset against the mortgage payments that PBL was required to pay Embry. Embry argues that the foreclosure of his leasehold interest in the instant case for failing to make his rent payments directly to LaSalle was improper since he was required by the court in the other lawsuit to place the rent in the court registry. Embry's argument raises the issue of impossibility of performance.
The doctrine of "impossibility" must be applied with caution and is not available concerning intervening difficulties which could reasonably have been foreseen and could have been controlled by an express provision of the agreement. See Am. Aviation, Inc. v. Aero-Flight Serv., Inc., 712 So.2d 809 (Fla. 4th DCA 1998); Home Design Ctr.Joint Venture v. County Appliances of Naples, Inc., 563 So.2d 767 (Fla. 2d DCA 1990). Here, the question is whether it was reasonably foreseeable that a dispute would arise between Embry and PBL, such that Embry would be required to pay the rental payments into the registry of the court, thereby preventing Embry from fulfilling his obligation to give those very same rental payments to LaSalle, the first-mortgagee. We conclude that this question is one of fact, which should not have been decided on the basis of a summary judgment. A movant in a motion for summary judgment must show conclusively the absence of any genuine issue of material fact. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985); Wills v. Sears, Roebuck & Co., 351 So.2d 29, 32 (Fla.1977).
We have examined the other issues raised on appeal and find no error. Accordingly, the mortgage foreclosure is affirmed; the summary judgment foreclosure of the leasehold interest is reversed.
POLEN, C.J., and TAYLOR, J., concur.
NOTES
[1] Attornment has been defined as "[t]he agreement of a person to recognize a third party as a permissible successor party to a contract; most often, the agreement of a tenant to pay rent to a new landlord, especially a mortgagee who has foreclosed." BLACK'S LAW DICTIONARY 130 (6th ed.1990).