In re Robert Charles SABIN, Debtor.

Robert Charles SABIN, Plaintiff,

v.

Stephen H. BUTTER and Brian R. Hersh, Defendants.

Bankruptcy No. 85–00794–BKC–AJC.
Adv. No. 85–0870–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

Dec. 17, 1985.

Ronald G. Neiwirth, Miami, Fla., for debtor/plaintiff.

Brian R. Hersh, Miami, Fla., pro se.

Law Offices of Hersh & Bernstein, Miami, Fla., for defendant Hersh.

Stephen H. Butter, Miami, Fla., pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on to be heard on July 3, 1985 upon the complaint to determine validity and extent of liens filed by plaintiff/debtor, Robert Charles Sabin and the responses of Stephen H. Butter and Brian R. Hersh, defendants. The parties stipulated and agreed that the facts were undisputed and the court should decide the issues presented as a matter of law.

The following facts are the undisputed basis on which the court came to its conclusions of law set forth hereinafter:

1. Robert Charles Sabin and Susan Sabin acquired Lot 9, Block 2, Palmetto Pines Estates, Plat Book 95, at page 11, of the Public Records of Dade County, Florida, as their marital residence by deed from Jennings Construction Corporation, dated August 2, 1974.

2. Robert and Susan had their marriage dissolved by final judgment of dissolution of marriage in Dade County Circuit Court, Case No. 82–1433 on January 17, 1984.

3. Upon the dissolution of marriage, the title to said marital residence became vested in Robert and Susan Sabin as tenants-in-common, each owning an undivided one-half interest thereof and subject to the temporary right of possession of the marital home reserved to Robert Sabin, pursuant to paragraph 1a of the final judgment of dissolution of marriage.

4. This bitter and expensive domestic litigation was financed, at least in part, by three mortgages, one granted by Robert

354

Sabin to his attorney, Stephen H. Butter, dated September 17, 1982 and recorded on September 20, 1982 in Official Record Book 11560, page 765, another granted by Susan Sabin to her attorney, Brian Hersh, dated March 2, 1983 and recorded March 16, 1983 in Official Record Book 11727, page 1839 and another granted by Susan Sabin to her attorney, Brian Hersh, dated February 13, 1984 and recorded on March 6, 1984 in Official Record Book 12099, page 1615.

5. The debtor submits that all three mortgages are void by virtue of the homestead character of the property at the time of recording of the mortgages and the fact that the homestead status of the property remains uninterrupted.

6. There is no dispute that the property was homestead property during their marriage and that after the wife left the house, the husband continued to reside there with the parties' minor children and as of December 1985, in fact continues to so reside in accordance with the possessory rights granted under the final judgment of divorce.

■ 7. The September 17, 1982 mortgage from Robert Sabin to Stephen Butter and the March 2, 1983 mortgage from Susan Sabin to Brian Hersh were each executed when title to the property was held as a tenancy-by-the-entireties and in each instance the mortgage was executed by only one spouse without the joinder of the other. These mortgages were ineffective to encumber the property in its status as entireties property but attached to Robert Sabin's interest and Susan Sabin's interest in the property which they acquired in the "twinkling of a legal eye," upon the entry of final judgment of dissolution of marriage on January 17, 1984. *Hillman v. McCutchen*, 166 So.2d 611, (Fla. 3rd DCA 1964).

■ 8. The February 13, 1984 mortgage from Susan Sabin to Brian Hersh was executed after the final judgment of dissolution at a time when Susan Sabin owned an undivided one-half interest in the property as a tenant-in-common and therefore had full power to encumber said interest subject to the possessory rights provided in the final judgment of dissolution of marriage. This mortgage is therefore also valid and binding although subordinate to the temporary possessory interest of Robert Sabin.

The right of the parties to foreclose their mortgages or otherwise enforce same or to seek other forms of relief are not raised in this proceeding and therefore the court will not rule thereon; although, the court will comment that the case of *Daniels v. Katz*, 237 So.2d 58, (Fla. 3rd DCA 1970) seems to be on point as to the undisputed factual situation presented.

A Final Judgment will be entered concurrently with these Findings of Fact and Conclusions of Law.