MICKLE, Judge.
Appellant was a defendant below in an action to set aside and cancel a deed conveying title to real property. This appeal is from a final judgment entered against appellant declaring the property to be homestead in nature, conveyed without consideration, and therefore null and void. We affirm.
The record on appeal consists of several documents, one of which purports to transfer property owned by appellee Annie Crusaw and her now deceased husband John Crusaw, Sr., to appellant, their son. The warranty deed, dated November 10, 1953, recites as consideration the sum of $800.00. Contemporaneously, a note and mortgage were executed in the same amount, to John Crusaw, Sr. as mortgagee.
The law in effect at the time of the instant conveyance provided that, to be deemed valid, alienation of homestead property must be made for “appropriate” consideration. Reed v. Fain, 145 So.2d 858 (Fla.1961). Herein, in 1991, appellee Annie Crusaw brought the instant action seeking to have the 1953 deed declared null and void as an ineffective alienation of homestead property without consideration. Following a non-jury trial, the trial court found that the property was homestead in character and had been transferred without consideration. A final judgment was ren *950 dered declaring the 1953 deed null and void and ordering the deed cancelled and expunged from the public records.
Unfortunately, the transcript of the trial does not appear in the record on appeal nor did the parties submit a stipulated statement pursuant to Rule of Appellate Procedure 9.200(a)(3). Under these circumstances, we must assume the lower court correctly decided the factual issues. See Larjim Management Corp. v. Capital Bank, 554 So.2d 587 (Fla. 3d DCA1989); Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). Herein, although provided with documentary evidence to the contrary, the trial judge heard testimony from witnesses, weighed credibility, and determined that the property conveyed was homestead in nature and had been transferred without consideration. Accordingly, we must presume that evidence was presented to the trial court which was sufficient to overcome the presumption favoring the validity of a deed. We must therefore AFFIRM.
MICKLE and DAVIS, JJ., concur.
ERVIN, J., dissents with written opinion.