698 So.2d 605 (1997)
Osvaldo ROMERO, Appellant,
v.
ALL CLAIMS INSURANCE REPAIRS, INC., Appellee.
No. 96-3245.
District Court of Appeal of Florida, Third District.
August 13, 1997.
Rehearing Denied September 17, 1997.
*606 Andres A. Quintero, Coral Gables, for appellant.
Jerrold A. Coff, Hollywood; Thomas M. Pflaum, Miami, for appellee.
Before NESBITT, JORGENSON and GERSTEN, JJ.
PER CURIAM.
All Claims Insurance Repairs, Inc.(All Claims), contracted with Osvaldo Romero to provide contracting services, materials and supplies in connection with hurricane damage to Romero's home. Romero maintained that he had paid the company $40,000, leaving a balance of $16,056.08 due on completion. All Claims argued that it was not paid money due, and filed a claim of lien. Romero counterclaimed for breach of contract. In his subsequent responses to interrogatories and deposition testimony, Romero maintained that All Claims did a bad job, did not get necessary permits, and did not finish the job. Notwithstanding these representations, All Claims moved for summary judgment, which was granted one year later, after a hearing for which there is no transcript, and at which Romero and his counsel did not appear. Romero's counterclaim was dismissed.
All Claims argues that Romero had a year to respond and failed to do so, and furthermore, that without a transcript of the hearing resulting in the order under review, we are obligated to affirm the trial court's decision. Romero contends that his deposition and answers to interrogatories demonstrate disputed issues of material fact which precluded summary judgment. We agree with homeowner Romero.
As stated in Albelo v. Southern Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996):
The principles which govern the use of summary judgment are well settled. First, summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c). Second, the burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact. Third, the trial court must draw every possible inference in favor of the party against whom summary judgment is sought. Moore v. Morris, 475 So.2d 666 (Fla.1985). Fourth, if the evidence raises any issues of material fact, or if it is conflicting, or if it will permit different reasonable inferences, or if it tends to prove the issues, summary judgment cannot be granted. McDonald v. Florida Dept. of Transp., 655 So.2d 1164 (Fla. 4th DCA 1995).
As Albelo observes, Florida Rule of Civil Procedure 1.510 provides in pertinent part, that summary judgment will be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact...."(Emphasis added.)
*607 In this case, faced with the homeowner's answers to interrogatories and deposition testimony specifically refuting All Claims entitlement to the funds sought, the trial judge erred in granting the company final summary judgment. Accordingly, the order under review is reversed, with instructions to reinstate defendant's counterclaim, and the cause is remanded for further proceedings.