705 So.2d 973 (1998)
SEAL PRODUCTS, Appellant,
v.
Peter MANSFIELD, Appellee.
No. 96-762.
District Court of Appeal of Florida, Third District.
January 28, 1998.
*974 Jay Rothlein, Miami Beach, for appellant.
Douglas D. Stratton and Brett Feinstein, Miami Beach, for appellee.
Before COPE, GODERICH and SHEVIN, JJ.
COPE, Judge.
In this suit to enforce a settlement agreement and a guaranty, plaintiff Seal Products appeals entry of summary judgment for defendant Peter Mansfield. We reverse.
Mansfield was the president and sole shareholder of a business known as Hot Shot Photos, Inc. Seal Products supplied goods to Hot Shots and was paid by checks which were returned for insufficient funds. Thereafter Seal Products brought suit against Hot Shot to obtain payment (the "first action"). Mansfield had not personally guaranteed the debt, and therefore in the first action no claim was made against Mansfield personally.
During Mansfield's deposition on October 17, 1994, the parties entered into a tentative settlement agreement, which was dictated to the court reporter and transcribed. It states, in part:
[COUNSEL FOR SEAL]: We have had some settlement discussions off the record. We have had agreement in principle which has to be finalized upon Mr. Mansfield's getting approval from his accountant this is actually a deal that he can do. In the event that the accountant says he is stretching it with this deal, we will make a deal that is substantially similar but the numbers maybe a little bit different; is that correct?
[MANSFIELD]: Yes.
Q. Let me put forth the terms the way we are hoping it is going to go through. The debt is agreed to be in the amount of $25,986; is that correct?
A. Yes.
Q. [Counsel here summarizes the payment schedule]. And at the end of the payments a voluntary dismissal with prejudice will be filed.
Mr. Mansfield, is that your understanding of what we have discussed?
A. Yes.
Q. Okay. One term that would not be something that your accountant would have any say on would be the fact that you have agreed to personally guarantee this amount, these
A. Right.
Q. these payments or whatever payments we ultimately agree upon?
A. Yeah.
Q. In the event that you do not make these payments as agreed on judgment will be entered against your company, yourself, and the judgment will also include interest accruing from the date that the payments were originally due, as well as the attorney's fees involved in the bringing of this action.
A. Okay.
....
[COUNSEL FOR MANSFIELD]: It is also my understanding that pursuant to this stipulation that the plaintiff is going to be waiving any claim to the treble damages which they have filed?
[COUNSEL FOR SEAL]: Right. Even if the defendant defaults once the stipulation is signed there will be no attempt to collect the treble damage. However, if *975 there is no stipulation entered we don't waive that, that would be the consideration, in fact, for the personal guarantee.
[COUNSEL FOR MANSFIELD]: Okay.
....
[COUNSEL FOR MANSFIELD]: I don't have any other questions. We are waiving [reading and signing].
....
[COUNSEL FOR MANSFIELD]: By the way, do you want the checks made payable to a trust account, or sent here, or mailed up to Seal? You work that out and we'll have a stipulation so we'll know.
[COUNSEL FOR SEAL]: Okay. Probably make them out to Seal but send them to me so I can monitor it.
[COUNSEL FOR MANSFIELD]: Okay.
[COUNSEL FOR SEAL]: We are agreed that plaintiff will not take any action for one week from today in order to get the stipulation agreed upon. If we don't get it within that period of time that we'll proceed toward judgment.
Thereafter by letter dated November 16, 1994, counsel for Hot Shot and Mansfield wrote to counsel for Seal Products stating:
Enclosed please find $1,000.00 as the initial payment on the Stipulation for settlement in this matter. My client can afford to pay $300.00 a month on the remaining balance due Seal Products. Please draft the Stipulation and forward it to me for my client's review.
The following month Hot Shot paid $300 to Seal Products. Thereafter Hot Shot paid nothing more.
Seal Products did not prepare a settlement stipulation. Seal Products did voluntarily dismiss its treble damage claim.
Seal Products sued Mansfield on his personal guaranty, which is the case now before us (the "second action"). Mansfield moved for summary judgment, contending that the parties had not entered into a binding settlement agreement. The trial court granted summary judgment and Seal Products has appealed.
Mansfield first argues that we are obliged to affirm because Seal Products has not obtained a transcript of the summary judgment hearing. Mansfield misapprehends the law on this point.
It is the burden of the appellant to bring up a proper record for consideration of the issues presented on appeal. See Chisholm v. Chisholm, 538 So.2d 961, 962 (Fla. 3d DCA 1989); Fla. R.App. P. 9.200(e). Where the appeal is from a summary judgment, the appellant must bring up the summary judgment record, that is, the motion, supporting and opposing papers, and other matters of record which were pertinent to the summary judgment motion. See Romero v. All Claims Insurance Repairs, Inc., 698 So.2d 605, 606 (Fla. 3d DCA 1997). Those are the portions of the record essential to a determination whether summary judgment was properly entered. However, the hearing on the motion for summary judgment consists of the legal argument of counsel, not the taking of evidence. Consequently, it is not necessary to procure a transcript of the summary judgment hearing, see id., although it is permissible and often helpful to do so.
The cases relied on by Mansfield involve the failure of an appellant to bring up the transcript of a trial or other evidentiary proceeding, where consideration of the evidence was necessary for decision of the issue presented on appeal. See Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla.1979); Larjim Mgmt. Corp. v. Capital Bank, 554 So.2d 587, 588 (Fla. 3d DCA 1989); Crusaw v. Crusaw, 637 So.2d 949, 950 (Fla. 1st DCA 1994); State, Department of HRS v. Christman, 635 So.2d 94, 95 (Fla. 1st DCA 1994); Walt v. Walt, 596 So.2d 761, 762 (Fla. 1st DCA 1992); Dinn v. Haynes, 22 Fla. L. Weekly D1621, (Fla. 4th DCA July 2, 1997); Balsam v. South Palm Beach Fin. Corp., 695 So.2d 1267, 1268 (Fla. 4th DCA 1997). Those cases have no application here. See also Ronbeck Constr. Co., Inc. v. Savanna Club Corp., 592 So.2d 344, 348 (Fla. 4th DCA 1992); Phillip J. Padovano, Florida Appellate Practice § 13.3, at 219 (2d ed.1997).
*976 Turning to the merits, we conclude that the summary judgment should not have been entered in favor of Mansfield. The parties in this case negotiated all material terms of the settlement agreement, except for the payment schedule. The November 1994 letter supplied the payment schedule, at which time an agreement had been reached on all material terms.
Mansfield argues, however, that the parties did not intend to be bound until such time as they had entered into a written settlement stipulation. Since no settlement stipulation was ever drafted, Mansfield asserts that he is not bound by the settlement and is not obliged to personally guarantee the indebtedness. We disagree.
The transcript indicates that the parties originally contemplated executing a settlement stipulation which would embody the parties' agreement, once the payment schedule had been finalized. Thereafter in the November 1994 letter Hot Shot/ Mansfield not only finalized the payment schedule, but also embarked on performance by tendering the $1000 initial payment check. Seal Products accepted the check and cashed it. The following month Hot Shot/Mansfield sent the next required payment. Again, Seal Products accepted the check and cashed it. Seal Products also dismissed its treble damage claim, as the parties had agreed.
As one treatise has stated:
The subsequent conduct and interpretation of the parties themselves may be decisive of the question as to whether a contract has been made, even though a document was contemplated and has never been executed. They may both have already begun performance and may have made statements that are strongly evidential. Of course, the subsequent conduct of the parties may constitute a tacit contract on the terms previously agreed upon, even though the understanding at first had been that the execution of a formal document was necessary.
1 Arthur L. Corbin & Joseph M. Perillo, Corbin on Contracts § 2.9, at 154-55 (rev. ed.1993) (footnotes omitted).
Assuming for these purposes that the parties originally did not intend to be bound until the signing of a definitive agreement, the parties nonetheless subsequently reached agreement on all material terms, as reflected in the November 1994 letter, and entered into performance. We conclude that a contract was entered into, and that the parties by their conduct waived the requirement that a settlement stipulation be executed. It follows that Mansfield is bound by the parties' agreement, and Mansfield's motion for summary judgment should have been denied.
The summary final judgment is reversed and the cause remanded for proceedings consistent herewith.
Reversed and remanded.[*]
NOTES
[*] Mansfield correctly acknowledges that the deposition transcript plus subsequent letter satisfy the statute of frauds. See Farrell v. Farrell, 661 So.2d 1257, 1259 (Fla. 3d DCA 1995).