782 So.2d 414 (2001)
SOMERSET VILLAGE LIMITED PARTNERSHIP, Appellant,
v.
CARLTON, FIELDS, WARD, EMMANUEL, SMITH, etc., et al., Appellees.
No. 3D00-797.
District Court of Appeal of Florida, Third District.
February 14, 2001.
*415 Leeds & Colby, Miami; and Caruso, Burlington, Bohn & Compiani, and Philip Burlington, West Palm Beach, for appellant.
Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, and David C. Pollack, and Mona E. Markus, Miami, for appellees.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Somerset Village Limited Partnership appeals an adverse final summary judgment arising from a legal malpractice action. We affirm because the failure of appellee, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., to supplement the record on appeal cannot, as a matter of law, constitute legal malpractice where a predecessor firm attended a hearing on a motion for summary judgment without a court reporter.
In 1995, Somerset purchased an Assignment of Final Judgment for $650,000.00 regarding a parcel of real property originally obtained by the Resolution Trust Corporation as part of a $6,506,723.04 judgment against various defendants, including Daniel C. Perez. Somerset retained the firm of Popham, Haik, Schnobrich & Kaufman, Ltd., P.A., with regard to the foreclosure sale of the subject parcel of real property. At the time of the foreclosure sale, the property was valued at $1,270,000.00. Somerset then sought a deficiency judgment against Perez. At the hearing on Somerset's summary judgment motion, there was no court reporter present to transcribe the proceedings. The trial court subsequently entered final summary judgment against Somerset. The Fourth District Court of Appeal affirmed in a per curiam opinion which cited Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Somerset brought a legal malpractice action against Popham Haik and Carlton Fields[1] alleging that they negligently failed to have a court reporter present at the summary judgment hearing and failed to provide an adequate record on appeal. The trial court subsequently ruled that, as a matter of law, Carlton Fields did not commit professional negligence in their representation of Somerset. The trial court relied upon Seal Products v. Mansfield, 705 So.2d 973 (Fla. 3d DCA 1998). We agree with the trial court that Carlton Fields did not commit professional negligence.
In Seal Products v. Mansfield, we specified what the appellant must file when appealing from a summary judgment: "the motion, supporting and opposing papers, and other matter of record which were pertinent to the summary judgment motion." Id. at 975. The actual hearing on the motion for summary judgment "consists of the legal argument of counsel, not the taking of evidence." Id. We further stated that, although it is permissible, and often helpful, to procure a transcript of the summary judgment hearing, it is not necessary. Id.
Carlton Fields was not involved in the litigation when the failure to have a court reporter present occurred. Somerset alleged that Carlton Fields was negligent in failing to reconstruct the record and prepare a statement of evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). Thus, the failure ascribed to Carlton Fields is one step removed from the lack of transcript, *416 i.e., the failure to reconstruct the record of a hearing where counsel can anticipate only legal argument, not the taking of evidence.
Somerset's theory of liability is also flawed for other reasons. It assumes that the decision by the Fourth District was predicated on the lack of transcript because the court affirmed per curiam, citing to Applegate. That case, however, is often cited for other reasons. Applegate stated that "[i]n appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error." 377 So.2d at 1152. The case also stands for the proposition that the trial court can be right for the wrong reasons: "Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it." Id.
Assuming that the Fourth District was concerned by the lack of record, Somerset would have us assume that the procedure under rule 9.200(b)(4) would have been successful. We would further have to assume that the reconstructed record would have persuaded the Fourth District to reach a different result. But Somerset has not pointed out what factual findings would have been contradicted by such a reconstructed record and, how those factual findings would have somehow changed the outcome.
For these reasons, the trial court was correct in ruling that, as a matter of law, Somerset cannot establish that Carlton Fields proximately caused the adverse outcome in the underlying action. See Silvestrone v. Edell, 721 So.2d 1173, 1175 (Fla. 1998).
Affirmed.
NOTES
[1] While the appeal was pending at the Fourth District Court, Carlton Fields purchased Popham Haik's Miami assets and the Popham Haik associates which were representing Somerset became associated with Carlton Fields.