CORTINAS, J.
 

 John F. Gonzalez and Freddy Gonzalez appeal a final summary judgment entered against them in a residential mortgage foreclosure action filed by Chase Home Finance, LLC. We affirm the final summary judgment entered against Freddy Gonzalez but reverse and remand the judgment entered against John Gonzalez.
 

 According to the Florida Rules of Civil Procedure, a motion for summary judgment may be granted only “if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c). The burden is on the moving party to demonstrate that the other party unquestionably cannot prevail.
 
 Gomes v. Stevens,
 
 548 So.2d 1163
 
 *957
 
 (Fla. 2d DCA 1989);
 
 Snyder v. Cheezem Dev. Corp.,
 
 373 So.2d 719 (Fla. 2d DCA 1979). The moving party
 

 must show conclusively the absence of any genuine issue of material faet[,] and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.
 
 Wills v. Sears, Roebuck & Co.,
 
 351 So.2d 29 (Fla.1977);
 
 Holl v. Talcott,
 
 191 So.2d 40 (Fla.1966). A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.
 
 Shaffran v. Holness,
 
 93 So.2d 94 (Fla.1957).
 

 Moore v. Morris,
 
 475 So.2d 666, 668 (Fla.1985);
 
 accord, Buck v. Hardy,
 
 106 So.2d 428, 428-29 (Fla. 3d DCA 1958).
 

 In this case, summary judgment was improperly granted against John Gonzalez because Chase did not meet its aforementioned burden. In his affidavit opposing Chase’s motion for summary judgment, John Gonzalez stated that his “ownership interest in the property was acquired by virtue of a Warranty Deed dated March 8th, 2006, recorded in the public records of Miami Dade County, Florida, in Book 24849 at page 4143” and that he was
 
 “not
 
 a mortgagor of the mortgage subject of this foreclosure.” Since Chase’s complaint admitted that the mortgage was executed on March 15, 2006, if the factual assertions in John Gonzalez’s affidavit were proved to be true, they would render his interest in the property superior to Chase’s mortgage.
 

 Because “[t]he general rule undoubtedly is that the proper scope of a foreclosure suit is merely to enforce the mortgage lien against the title or interest of the mortgagor and those claiming under him,”
 
 Brown v. Atlanta Nat’l Bldg. & Loan Ass’n,
 
 46 Fla. 492, 35 So. 403, 404 (1903) (emphasis added), it follows that “parties
 
 claiming
 
 title superior to the lien of a mortgage being foreclosed are not proper parties to the foreclosure suit.”
 
 Hecht v. Wilson,
 
 107 Fla. 421, 144 So. 886, 887 (1932) (citing
 
 Wood v. Franklin Life Ins. Co.,
 
 17 F.2d 80 (5th Cir.1927)). Furthermore, a tenant in common, such as Freddy Gonzalez, “could convey no greater interest in the property than [ ]he owned, i.e., an undivided one-half interest.”
 
 Kern v. Weber,
 
 155 So.2d 619, 620 (Fla. 3d DCA 1963). Therefore,
 

 “[i]t is well established that ‘[the] tenant in common cannot properly sell or dispose of more than his ... own interest in the common property to a third person unless authorized to do so.’ 86 C.J.S.
 
 Tenancy in Common
 
 § 138;
 
 see also Cadle Co. II v. Stauffenberg,
 
 221 Ill.App.3d 267, 163 Ill.Dec. 728, 581 N.E.2d 882, 884 (1991) (‘Where a coten-ant who owns less than the entire interest attempts to mortgage the whole, the mortgage is valid [only] as to the actual interest.’);
 
 Texas Am. Bank v. Morgan,
 
 105 N.M. 416, 733 P.2d 864 (1987) (‘The jurisdictions which have decided this question ... have uniformly agreed that one cotenant may not encumber the other cotenant’s interest without consent.’).”
 

 Hamilton v. Hughes,
 
 737 So.2d 1248, 1250 (Fla. 5th DCA 1999). The cotenant “may encumber his own interest but only subject to the interest of his co-tenant.”
 
 In re Sabin,
 
 57 B.R. 352, 354 (Bankr.S.D.Fla.1985);
 
 see also Black v. Miller,
 
 219 So.2d 106, 108 (Fla. 3d DCA 1969) (“A purchaser at execution sale, acquires only the right, title and interest which the judgment debt- or had in the property.... [A] purchaser ... becomes a cotenant of the holders of the other undivided interest.”). Therefore, on the basis of the foregoing legal principles considered in light of the issues raised by the pleadings and affidavits, it is apparent that Chase was entitled only to enforce
 
 *958
 
 and foreclose its mortgage against the title or interest of the mortgagor, Freddy Gonzalez, but not against John Gonzalez.
 

 Chase argues that John Gonzalez’s affidavit violates Florida Rule of Civil Procedure 1.510(e), which requires “[s]worn or certified copies of all papers or parts thereof referred to in an affidavit [to] be attached thereto or served therewith.” Indeed, the warranty deed is neither attached to the affidavit nor located anywhere in the record. However, the affidavit of a party opposing a summary judgment motion is interpreted by a more lenient standard, as enunciated in
 
 Humphrys v. Jarrell,
 
 104 So.2d 404, 410 (Fla. 2d DCA 1958):
 

 Beyond and above the principles and rules hereinbefore stated, generally the courts hold the moving party for summary judgment or decree to a strict standard and the papers supporting his position are closely scrutinized, while the papers opposing are leniently treated in determining whether the movant has satisfied the burden required of him. Moore’s Federal Practice, 2nd ed., Vol. 6, p. 2836 and p. 2339.
 

 Moreover, section 90.202(6), Florida Statutes (2009), provides that a court take judicial notice of the “[r]eeords of any court of this state.” Therefore, this Court need not blindly reject John Gonzalez’s affidavit; instead, we take judicial notice that his warranty deed is the Miami-Dade County record located at file number 2006 R 918573. This deed supports the affidavit’s assertion that John Gonzalez acquired his interest in the property on March 8, 2006, a week before Freddy Gonzalez obtained his mortgage. The county records further show that the record located at file number 2006 R 918574 is Freddy Gonzalez’s mortgage, leading to the unassailable conclusion that the same person recorded both documents concurrently and therefore had actual notice that Freddy Gonzalez did not possess a full ownership interest in the property.
 

 Chase argues that it was entitled at the hearing on the summary judgment motion to rebut any issue of material of fact the Gonzalezes raised and that in the absence of a hearing transcript the Gonza-lezes cannot legitimately contend that such rebuttal was not established. Chase relies on
 
 Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150, 1152 (Fla.1979), in which “the record brought forward by the appellant [wa]s inadequate” to allow “the appellate court ... [to] properly resolve the underlying factual issues so as to conclude that the trial court’s judgment [wa]s not supported by the evidence or by an alternative theory.” However, as the Gon-zalezes point out, cases such as
 
 Applegate
 
 “involve the failure of an appellant to bring up the transcript of a trial or other eviden-tiary proceeding, where consideration of the evidence was necessary for decision of the issue presented on appeal.”
 
 Seal Prods. v. Mansfield,
 
 705 So.2d 973, 975 (Fla. 3d DCA 1998). In cases such as
 
 Seal Products
 
 and the instant case, however,
 

 [w]here the appeal is from a summary judgment, the appellant must [merely] bring up the summary judgment record, that is, the motion, supporting and opposing papers, and other matters of record which were pertinent to the summary judgment motion.
 
 See Romero v. All Claims Ins. Repairs, Inc.,
 
 698 So.2d 605, 606 (Fla. 3d DCA 1997). Those are the portions of the record essential to a determination whether summary judgment was properly entered. However, the hearing on the motion for summary judgment consists of the legal argument of counsel, not the taking of evidence. Consequently, it is not necessary to procure a transcript of the summary
 
 *959
 
 judgment hearing,
 
 see id.,
 
 although it is permissible and often helpful to do so.
 

 Id.
 
 (emphasis added). In this case the record is not inadequate: the evidence — in the form of the pleadings, John Gonzalez’s affidavit, and the county records — indicates that John Gonzalez’s interest in the property supersedes Chase’s interest.
 

 Under the facts developed, “it is apparent that material issues were tendered which, if proved, could constitute equitable defenses to the [foreclosure] action of the plaintiff. Without passing on the merits of the defenses raised, we are ... compelled to reverse upon the sole basis that genuine issues of material fact existed,”
 
 Groner-Youngerman, Inc. v. E.O. Denison,
 
 117 So.2d 210, 215 (Fla. 2d DCA 1959), and remand for further proceedings consistent with this opinion.
 

 Reversed in part, affirmed in part, and remanded. We affirm on all other issues on appeal, including the entry of summary judgment against Freddy Gonzalez.