[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

No. 11-10984
Non-Argument Calendar
_____

D. C. Docket No. 0:10-cv-61296-CMA


IGNACIO DAMIAN FIGUEROA,
on behalf of himself and others similarly situated,

Plaintiff-Appellant,

versus

MERSCORP, INC., a foreign corporation,
DAVID J. STERN, individually, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 11, 2012)


Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.

PER CURIAM:

Ignacio Damian Figueroa appeals the district court's dismissal of his complaint, filed pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, for lack of subject matter jurisdiction. No reversible error has been shown; we affirm.

Figueroa co-owned property that was subject to a mortgage held by Mortgage Electronic Registration Systems, Inc. ("MERS"). After Figueroa failed to make his mortgage payments, his mortgage went into default; and IndyMac Federal Bank FSB ("IndyMac") filed a foreclosure action in state court.[1] Figueroa failed to respond to the complaint. The state court granted IndyMac's motion for summary judgment and entered a judgment of foreclosure. Figueroa then filed two motions to vacate the judgment in which he raised various fraud claims and stated that he intended to file a counterclaim for damages under the federal RICO statute. The state court denied the motions, and Figueroa's property was sold at auction.

Three months after the auction, Figueroa initiated this federal lawsuit. His third amended complaint raised 3 counts of RICO violations against 27

---

[1]Figueroa disputes whether IndyMac was the designated holder of the mortgage when the foreclosure action was filed.

defendants, including MERS's parent company, MERS's law firm, and MERS's shareholders ("Defendants"). Figueroa contended that, but for Defendants' fraudulent scheme, his property would not have been foreclosed upon and asserted that he was injured by Defendants' acts because "he lost his one-half interest in his property and home." Figueroa sought damages equal to three times the value of his lost property interest as determined by the amount alleged in IndyMac's foreclosure complaint. The district court granted Defendants' consolidated motion to dismiss, concluding that it lacked jurisdiction to consider Figueroa's claims pursuant to the Rooker-Feldman[2] doctrine.

We review de novo a district court's determination that it -- in the light of the Rooker-Feldman doctrine -- lacked subject matter jurisdiction over a plaintiff's claim. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). The Rooker-Feldman doctrine precludes federal courts -- other than the United States Supreme Court -- from reviewing final judgments of state courts. Id. (explaining that the doctrine applies to federal claims previously raised and ruled on by a state court and to those claims "inextricably intertwined" with a state court's judgment). Rooker-Feldman bars lower federal court jurisdiction in "cases brought by state-

---

[2]D.C. Court of Appeals v. Feldman, 103 S. Ct. 1303 (1983); Rooker v. Fid. Trust Co., 44 S. Ct. 149 (1923).

court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1261 (citation omitted).

We conclude, as did the district court, that the Rooker-Feldman criteria are satisfied. Figueroa was a state-court loser in his state court foreclosure proceeding. The state court judgment formed the basis of or was intertwined with the injury complained of in Figueroa's instant compliant: that "he lost his one-half interest in his property and home" because of an improper foreclosure proceeding.[3] The state court proceedings had ended before Figueroa instituted the present federal lawsuit in the district court. Figueroa also sought, in effect, to have the district court "review and reject" the state court proceedings because his federal RICO claims could only succeed if the state court's foreclosure judgment was in error.

Figueroa argues that the Rooker-Feldman doctrine is inapplicable because he lacked a full and fair opportunity to litigate his federal RICO claims in state court. See id. at 1260 (stating that the Rooker-Feldman doctrine does not apply

---

[3]We reject Figueroa's argument that "his damages were accomplished through, rather [than] caused by the state court final judgment." See Casale, 558 F.3d at 1260 (stating that "[a] claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, or it 'succeeds only to the extent that the state court wrongly decided the issues.'" (citation omitted)).

4

"where a party did not have a 'reasonable opportunity to raise his federal claim in state proceedings'"). We disagree. Federal RICO claims may be raised in Florida courts. See, e.g., Transpetrol, Ltd. v. Radulovic, 764 So. 2d 878 (Fla. Dist. Ct. App. 2000). In his motions to vacate, Figueroa raised many of the same fraud claims that now underlie his federal RICO claims and asserted that he intended to file a counterclaim for damages under the federal RICO statute. Although Figueroa failed to litigate his RICO claims in state court, he had a reasonable opportunity to do so.

AFFIRMED.