CIKLIN, J.
Ari and Daphna Shahar (the “Homeowners”) appeal the trial court’s entry of final summary judgment of foreclosure in favor of Green Tree Servicing (“Green Tree”). The Homeowners asserted affirmative defenses and filed various counterclaims, which they argue precluded the entry of summary judgment. The counterclaims did not set forth viable causes of action. Thus, without further discussion we affirm that portion of the summary judgment that found in favor of Green Tree as to the Homeowners’ counterclaims. However, we reverse the remain *252 der of the summary judgment because Green Tree neither factually nor legally refuted the Homeowners* affirmative defense of unclean hands, thereby precluding the entry of a final judgment of foreclosure.
In verified form, the Homeowners specifically alleged the following to have expressly occurred throughout the course of the loan process. The Homeowners went to the lender for the purpose of refinancing two adjustable-rate mortgages on two different properties. Without the Homeowners’ knowledge, the lender altered the income information On the loan application which the Homeowners provided in order to qualify them for the loan. Also without the Homeowners’ knowledge, the lender altered the type of loan sought to a “stated income” loan, in which the borrower’s income is not verified independently, so that the income deception would not be detected. The Homeowners provided documentation of their income and assets, which the lender destroyed. At the closing, the lender presented the altered loan application to the Homeowners, along with “dozens upon dozens” of other documents, and explained to the' Homeowners that they were required to sign the application at closing, without revealing to the Homeowners that the application had been altered by the lender. The lender informed them that if they did not sign the new loan application, all fees associated with, the refinance would remain due and payable. The Homeowners were not provided an opportunity to review the lengthy paperwork. The Homeowners, relying upon the lender’s representation that the information in the new loan application was taken from the Homeowners’ verbal interview with the lender and the documentation the Homeowners originally provided, signed the new application, unaware of any changes. Finally, the Homeowners alleged that as a result of this premeditated scheme, their payments on the two loans actually increased by fifty percent. These sworn allegations formed the factual basis of the unclean hands defense asserted by the Homeowners.[1]
In support of its motion for summary judgment, Green Tree submitted an affidavit by its vice president, stating that it was the owner and holder of the note and that the Homeowners had stopped making payments. The affidavit did not — in any manner whatsoever — address the Homeowners’ elaborate allegations pertaining to their unclean hands defense. Instead, attached to the affidavit, with only a tenuous reference to the unclean hands defense, was a cursory and unsophisticated letter (the “Letter”)[2] apparently written and *253 signed by the Homeowners and sent to the lender. Aside from this vague and ambiguous attachment, Green Tree, in its motion for summary judgment, simply .advanced a bare legal argument that the unclean hands defense was legally insufficient. Now, on appeal, Green Tree abandons any reference or discussion pertaining to the Letter.
The trial court granted the motion for final summary judgment, which the Homeowners have timely appealed.
“Review of an order granting summary judgment is de novo.” Gomez v. Fradin, 41 So.3d 1068, 1071 (Fla. 4th DCA 2010). “ ‘A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. But once he tenders competent evidence to support his motion, the opposing party must come forward with, counter-evidence sufficient to reveal a genuine issue.’ ” Id. (quoting Landers v. Milton, 370 So.2d 368, 370 (Fla.1979)). Additionally, “in order for a plaintiff to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses.” E. Qualcom Corp. v. Global Commerce Ctr. Ass’n, 59 So.3d 347, 352 (Fla. 4th DCA 2011) (citation omitted). Further, “[t]he burden is on the plaintiff, as the moving party, to demonstrate that the defendant could not prevail.” Alejandre v. Deutsche Bank Trust Co. Ams., 44 So.3d 1288, 1289 (Fla. 4th DCA 2010) (citation and quotation marks omitted).
This court has previously concluded that unclean hands, if sufficiently pled, may be asserted as an affirmative defense to a mortgage foreclosure action. See, e.g., Quality Roof Servs., Inc. v. Intervest Nat’l Bank, 21 So.3d 883, 885 (Fla. 4th DCA 2009); cf. Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co., 105 So.3d 602 (Fla. 4th DCA 2013) (finding that an unclean hands affirmative defense in a mortgage foreclosure case was not pled with sufficient facts).
This court has described unclean hands as follows:
It is certainly beyond question that “one who comes into equity must come with clean hands else all relief will be denied him regardless of the merits of his claim. It is not essential that the act be a crime; it is enough that it be condemned by honest and reasonable men.”
Ocean View Towers, Inc. v. First Fid. Sav. & Loan Ass’n, 521 So.2d 325, 326 (Fla. 4th DCA 1988) (quoting Roberts v. Roberts, 84 So.2d 717, 720 (Fla.1956)). Recently, this court found that unclean hands is tantamount to “[Unscrupulous practices, overreaching, concealment, trickery or other unconscientious conduct.” Congress Park Office Condos II, 105 So.3d at 609 (citation omitted).
Under the unique facts of this case and the record before us, the Homeowners’ allegations were legally sufficient to properly assert the defense of unclean hands. See, e.g., Monetary Funding Grp., Inc. v. Pluchino, 87 Conn.App. 401, 867 A.2d 841 (2005) (finding that where the borrower was unsophisticated and the lender misled the borrower about the terms of the loan and failed to conduct a bona fide evaluation of the borrower’s ability to repay the loan, the trial court was correct to conclude that the borrower’s unclean hands defense precluded foreclosure). Green Tree failed to present any meaningful evidence rebutting the allegations underpinning this defense. Therefore, summary judgment was prematurely granted.
*254 While this defense' might ultimately be rendered fruitless or unprovable, we must avoid any temptation to enter summary judgment merely because the non-moving party’s chances for success may be minimal at best. Fischer v. Bernard’s Surf, 217 So.2d 576, 577 (Fla. 4th DCA 1969) (“In passing upon a motion for summary judgment, the trial judge may not permit his decision to be influenced by the chance of success which he considers either party may have on the trial”). Granting summary judgment “brings a sudden and drastic conclusion to a lawsuit, thus foreclosing the litigant from the benefit of and right to a trial on the merits of his or her claim.” Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707, 709 (Fla. 4th DCA 1997) (emphasis added) (citation omitted). “It is for this very reason that caution must be exercised in the granting of summary judgment....” Id.
Finally, Green Tree strenuously argues (and makes it a primary point in its answer brief filed with this Court) that the Homeowners’ failure to provide transcripts from the summary judgment hearing precludes appellate review of the final summary judgment. However, hearing transcripts ordinarily are not necessary for appellate review of a summary judgment. We agree with the Third District, which held:
[Wjhere the appeal is from a summary judgment, the appellant must [merely] bring up the summary judgment record, that is, the motion, supporting and opposing papers, and other matters of record which were pertinent to the summary judgment motion. See Romero v. All Claims Ins. Repairs, Inc., 698 So.2d 605, 606 (Fla. 3d DCA 1997). Those are the portions of the record essential to a determination whether summary judgment was properly entered. However, the hearing on the motion for summary judgment consists of the legal argument of counsel, not the taking of evidence. Consequently, it is not necessary to procure a transcript of the summary judgment hearing, see id., although it is permissible and often helpful to do so.
Gonzalez v. Chase Home Fin. LLC, 37 So.3d 955, 958-59 (Fla. 3d DCA 2010) (quoting Seal Prods. v. Mansfield, 705 So.2d 973, 975 (Fla. 3d DCA 1998)) (brackets in original).
Therefore, we reverse the summary judgment granted in favor of Green Tree on its foreclosure complaint. However, we also affirm the summary judgment insofar as it found in favor of Green Tree with respect to the Homeowners’ counterclaims.

Affirmed in part, reversed in paH, and remanded.

STEVENSON, J., concurs.
DAMOORGIAN, J., dissents with opinion.

. While the unclean hands portion of the Homeowners’ affirmative defense is comprised of only a single paragraph, it incorporated by reference the lengthy allegations found previously in the same "Verified Amended Answer, Affirmative Defenses and Counterclaims” pleading under the "General Allegations” heading. See Fla. R. Civ. P. 1.130(b) ("Statements in a pleading may be adopted by reference in a different part of the same pleading, in another pleading, or in any motion.”).

. The Letter states, in its entirety:
We are writing to you today after trying to avoid a situation which has been accelerating for the past year. We bought this property with good intentions of keeping it and making payments on it until the time is right to sell it. However due to the fact that out (sic) tenants are not paying their rent on time and many not paying at all we are unable to make the payments at this time. We are hoping that there is some kind of solution that will help us to keep and maintain the property as we have been doing. The payments are much higher than the rent that we receive from it. We cannot make up the difference at this time (We have been doing that since we refinanced it last year). It is now impossible *253 and we are waiting to hear from you as to a possible solution.