[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14048
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-24080-MGC


EDGAR NIVIA,
CIELO LOPEZ,

Plaintiffs - Appellants.

versus

NATION STAR MORTGAGE, LLC,
AURORA LOAN SERVICES, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 19, 2015)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Edgar Nivia and Cielo Lopez, proceeding *pro se*, appeal the district court's dismissal of their first amended complaint (the "complaint") against Aurora Loan Services, LLC ("Aurora"), and Nationstar Mortgage, LLC (collectively, the "lenders").[1]  Mr. Nivia and Ms. Lopez (the "homeowners") seek damages for the lenders' alleged noncompliance with the Troubled Asset Relief Program ("TARP"), the Home Affordable Modification Program ("HAMP"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").[2]  This is their appeal.

I.

The relevant facts are as follows:  The homeowners signed a mortgage to secure a loan for their home.  After they defaulted on the loan, Aurora filed a mortgage foreclosure action in Florida state court and obtained a final judgment in December 2011.  The property was then sold in a public sale in late October 2012.[3]  Shortly before the sale, in early October, the homeowners filed a lawsuit against the lenders.  They primarily alleged that the lenders should have granted a loan

---

[1] The lenders' motion to file their response brief and appendix out of time is granted.

[2] TARP is the "centerpiece of the [Emergency Economic Stabilization] Act [of 2008,]" bestowing a host of "duties and powers" upon the Secretary of the Treasury for the purpose of facilitating economic recovery.  *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556 (7th Cir. 2012).  HAMP is one component of TARP focused specifically on protecting home ownership. *See* 12 U.S.C. § 5219a.

[3] Aurora purchased the property through the public sale.  The certificate of sale transferred the property to Aurora, in care of Nationstar Mortgage, LLC.

2

modification request they made in September 2012 — nine months after the foreclosure judgment.  The homeowners alleged that in failing to grant the loan modification request, the lenders neglected their duty under TARP and HAMP to provide loan modifications and rendered unfair and deceptive their public representations that they were committed to providing loan modifications, in violation of the FDUTPA.

The lenders removed the case to federal district court and then moved to dismiss.  The district court granted the motion on several grounds:  (1) the *Rooker-Feldman* doctrine barred the district court from exercising subject matter jurisdiction; (2) the doctrine of res judicata also barred the suit; (3) neither TARP nor HAMP creates a private right of action; and (4) the complaint failed to state a claim under the FDUTPA.  After careful review, we agree that the *Rooker-Feldman* doctrine bars the FDUTPA claim as pled in the complaint, but it does not bar the putative claims under TARP and HAMP.  Nevertheless, we agree that the homeowners failed to state claims under those programs.  Thus, we affirm the dismissal of the action.[4]

---

[4] The homeowners argue that the lenders' motion to dismiss their first amended complaint was moot in the light of their second amended complaint, but the record reveals that no second amended complaint was ever filed.

II.

To determine whether we have subject matter jurisdiction over this appeal, we review *de novo* the application of the *Rooker-Feldman* doctrine. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013). "We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (per curiam) (internal quotation marks omitted). "[W]e . . . give liberal construction to the pleadings of *pro se* litigants" but require them always "to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (internal quotation marks omitted).

III.

We first consider the district court's application of the *Rooker-Feldman* doctrine. The district court concluded that the December 2011 forfeiture judgment in Florida state court precluded the instant action. We agree only with respect to the FDUTPA claim. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to review final state court decisions. *Nicholson v. Shafe*, 558 F.3d 1266, 1270-72 (11th Cir. 2009). "The doctrine applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment," meaning that the district court may not entertain claims

4

that "would effectively nullify the state court judgment or . . . succeed[] only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam) (citation and internal quotation marks omitted).

Here, we note that, in asserting claims under TARP and HAMP, the homeowners neither seek to undo the effect of the foreclosure judgment nor make arguments that would have undermined its validity. First, the homeowners seek only damages, which, if awarded, would not nullify the state court judgment because the instant action does not challenge the transfer of the real property effectuated by the foreclosure. Second, the success of putative claims under TARP or HAMP would not require a determination that the state court erroneously entered the foreclosure judgment. In concluding otherwise, the district court relied on *Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305 (S.D. Fla. 2011) *aff'd*, 477 Fed. App'x 558 (11th Cir. 2012), in which a district court found that it lacked jurisdiction over federal RICO claims because their success would have required the court to "find that wire and mail fraud occurred in [the] prosecution of [the] foreclosures" at issue, which "would [have] effectively declare[d] the state court [foreclosure] judgment[s] fraudulently procured and thus void." 766 F. Supp. 2d at 1324 (internal quotation marks omitted). Here, however, the homeowners' challenge to the lenders' denial of their modification request has no bearing on the

5

legal validity of the state court's foreclosure judgment. The homeowners alleged only that the lenders failed to respond adequately to their September 2012 request for a loan modification, which could not have been at issue in the foreclosure proceeding that concluded in December 2011. Further, and more importantly, there is no authority for the proposition that a lender's failure to fulfill any duties under TARP or HAMP invalidates a foreclosure resulting from that failure as a matter of law. The *Rooker-Feldman* inquiry is not whether a claim for damages is based to any degree on harm resulting from a valid state court judgment, as is the case here. The inquiry is whether either the damages award would annul the effect of the state court judgment or the state court's adoption of the legal theory supporting the award would have produced a different result. *See Casale*, 558 F.3d at 1260. Neither is the case here. For these reasons, the putative claims under TARP and HAMP are not barred under the *Rooker-Feldman* doctrine.

With respect to the district court's application of *Rooker-Feldman* to the FDUTPA claim, in support of this claim the homeowners alleged more broadly that the lenders failed to "help [them] to modify their loan[,] denying them any possibility to cure their default, which constitutes a deceptive practice to the public" in the light of the lenders' public representations that loan modifications were generally available. Am. Compl. at 7 ¶ 21. We construe this allegation to extend beyond the lenders' denial of the September 2012 loan modification request

6

and to include conduct before the foreclosure judgment.  In effect, the homeowners' claim amounts to an equitable defense to foreclosure that they failed to raise before the state court.  *See Shahar v. Green Tree Servicing LLC*, 125 So. 3d 251, 252-54 (Fla. Dist. Ct. App. 2013) (finding unclean hands to be a sufficiently pled affirmative defense to foreclosure where a lender made material misrepresentations in connection with the mortgage).  Consequently, we agree with the district court that success on the merits of the FDUTPA claim would require a determination that the state court entered the forfeiture judgment "wrongly," *i.e.*, that the judgment was legally invalid.  *See Casale*, 558 F.3d at 1260.  "By failing to raise [their] claim[] in state court[,] [the homeowners] forfeit[ed] [their] right to obtain review of the state court decision in any federal court."  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).  The district court correctly concluded that it lacked jurisdiction over the FDUTPA claim.

Next, we review whether the homeowners' allegations that the lenders failed to comply with TARP and HAMP stated a claim.  These claims fail because no private right of action is available under TARP or HAMP.  We previously have held that there is no express or implied private right of action against loan servicers under HAMP.  *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012) (per curiam).

Although we have never held in a published opinion that TARP provides no private right of action against private entities, we reach that conclusion here.  The Emergency Economic Stabilization Act of 2008 authorized the Secretary of the Treasury to establish TARP, under which it may "purchase . . . troubled assets from any financial institution" and take other necessary actions.  12 U.S.C. § 5211.  The Act provides for judicial review of the Secretary's actions, but nowhere does it mention a private right of action against private entities.  *See id.* § 5229.  We can thus infer that Congress did not intend to create a private right of action for borrowers to sue lenders under TARP.  *See Alexander v. Sandoval*, 532 U.S. 275, 290 (2001) (providing that "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others"); *see also Wachovia Bank, Nat'l Assoc. v. Lone Pine, Inc.*, No. 1:09-CV-02983-JOF, 2010 WL 2553880, at *2 (N.D. Ga. June 15, 2010) (collecting cases recognizing no private right of action under TARP).

## IV.

Because we conclude that the district court lacked jurisdiction over the FDUTPA claim and that the homeowners failed to state cognizable claims under TARP or HAMP, we need not address the district court's discussion of res judicata or whether they stated a claim under the FDUTPA.  The district court's dismissal of the action is **AFFIRMED.**

8