NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


SOUTHGATE HOLDING, INC.,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 2D16-5046
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
KAREN K. HARTE, TIM DIEGO, and⠀)
WINDGATE GLOBAL, LLC,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellees.⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed April 18, 2018.

Appeal from the Circuit Court for
Pinellas County; Thomas H. Minkoff,
Judge.

James A. Staack and Kristine M.
Reighard of Staack, Simms &
Reighard, PLLC, Clearwater, for
Appellant.

Derrick M. Valkenburg of Shutts &
Bowen, LLP, Orlando; and Joshua D.
Miron of Shutts & Bowen, LLP, Fort
Lauderdale (substituted as counsel of
record), for Appellee Karen K. Harte.

No appearance for remaining
Appellees.

ROTHSTEIN-YOUAKIM, Judge.

Southgate Holding, Inc. (Southgate), appeals a partial final summary judgment awarding Karen K. Harte $100,000 plus interest on her claim of breach of a partial assignment of a note and mortgage. Southgate argues that Harte failed to satisfy her burden of proving that there is no genuine issue of material fact regarding Southgate's affirmative defense of failure of consideration. We agree, and we reverse.

The pertinent facts are these:

Steve Georgiou, Flora Georgiou, and Anclote Marine Ways, Inc., a Florida Profit Corporation of which the Georgious were both officers, executed a $650,000 balloon note and mortgage in favor of various persons and entities, including Southgate. The mortgage identified certain parcels located in Pinellas County, Florida. In April 2010, Tim Diego, Southgate's only officer, executed on Southgate's behalf a partial assignment of its interest in the note and mortgage to Harte for consideration of $100,000.

The note ultimately was paid off, Diego executed a full satisfaction of the note and mortgage on Southgate's behalf, and the balloon payment was disbursed to the original holders, including Southgate. Thereafter, Harte filed suit against Southgate, Diego, and Windgate Global, LLC (Windgate), of which Diego is also the only officer, alleging that Southgate had failed to acknowledge its partial assignment of its interest to her and had instead forwarded her share to Windgate.[1] Southgate answered that it had

---

[1]Although Harte asserted claims against all of the defendants, this appeal concerns only count one, her claim against Southgate for breach of a partial assignment of mortgage.

never received any of the money that Harte had agreed to pay for the partial assignment of its interest.

Harte filed a motion for summary judgment accompanied by multiple affidavits, including her own, and various documents that she asserts establish Southgate's acknowledgment of her $100,000 investment. She also subsequently filed her answers to Southgate's interrogatories. Southgate offered no legal argument in response but filed an affidavit from Diego—in which he averred that, among other things, Southgate had "not [been] aware" of Harte's purported interest—and two documents, one of which assertedly showed that on May 3, 2010, Harte had attempted to wire $100,000 to Southgate but that the attempt had failed due to insufficient funds.[2]

"Summary judgment is proper only where the moving party shows conclusively that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." Coral Wood Page, Inc. v. GRE Coral Wood, LP, 71 So. 3d 251, 253 (Fla. 2d DCA 2011) (first citing Holl v. Talcott, 191 So. 2d 40, 43 (Fla. 1966); then citing Fla. R. Civ. P. 1.510(c)). Because Southgate alleged failure of consideration as an affirmative defense, Harte's burden included conclusively refuting the factual basis for that defense. See id. (citing Morroni v. Household Fin. Corp. III, 903 So. 2d 311, 312 (Fla. 2d DCA 2005)). This is a high burden, as "the merest possibility of the existence of a genuine issue of material fact precludes the entry of final summary judgment." Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor

---

[2]Diego also averred that the wire transfer had been directed to Southgate's general operations account and not to any investment account, "which would have been in keeping with [Southgate's] policies and procedures."

Nursing Care Ctr., Inc., 928 So. 2d 1272, 1274 (Fla. 2d DCA 2006) (quoting Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So. 2d 1138, 1140 (Fla. 2d DCA 2000)).

The trial court's written order did not explain its reasoning in determining that no genuine issue of material fact existed as to Harte's claim for breach of the partial assignment, and we do not have a transcript of the summary judgment hearing.[3] Upon our de novo review of the motion and the summary judgment evidence, however, we conclude that Harte has failed to establish that no genuine issue of material fact remains concerning whether Southgate ever received the $100,000 that Harte promised to pay for the partial assignment of Southgate's interest. Accordingly, we reverse the partial final summary judgment and remand for further proceedings.

Reversed; remanded.

CASANUEVA and MORRIS, JJ., Concur.

---

[3]The absence of a transcript does not preclude our review. See Houk v. PennyMac Corp., 210 So. 3d 726, 730 (Fla. 2d DCA 2017) ("[H]earing transcripts ordinarily are not necessary for appellate review of a summary judgment." (quoting Shahar v. Green Tree Servicing, LLC, 125 So. 3d 251, 254 (Fla. 4th DCA 2013))).